Robert Fuller, a Minor, by Theresa Fuller, his Mother and Next Friend, Defendant in Error, v. Glenn Pool, Trading as Pool Auto Sales, Plaintiff in Error.

Gen. No. 8,204.

Heard in this court at the February term, 1930. Opinion filed September 2, 1930.

WILHELM & WILHELM and BUTTERS & BUTTERS, for plaintiff in error.

RICHOLSON, ARMSTRONG & O'MEARA, for defendant in error; JOHN H. ARMSTRONG, of counsel.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is a writ of error to review a judgment of the county court of LaSalle county rendered in favor of Robert Fuller, an infant, who brought suit by Theresa Fuller, his mother as his next friend, against Glenn Pool, doing business as Pool Auto Sales, plaintiff in error, to recover the purchase price of an automobile bought by him from the plaintiff in error. The trial resulted in a verdict and judgment in favor of the defendant in error for $373.50.

The record discloses that Robert Fuller, the defendant in error, a minor, living with his mother, entered into a contract with the plaintiff in error to purchase a Chevrolet car, and the defendant in error delivered to plaintiff in error a Ford automobile taken in at $75, paid $30 cash, and he and his mother signed a note for $210, for the balance to be paid in 12 monthly instalments of $17.50 each; said deferred payment was also secured by a conditional sales contract on the Chevrolet car. The conditional sales contract was executed by Robert Fuller and Theresa Fuller, his mother.

The defendant in error claims that he has paid two payments of $17.50 each on the $210 note, making total money payments of $65. The note in question was sold when received or shortly thereafter by the plain-

tiff in error to the Commercial Credit Trust, a finance company, and indorsed without recourse.

It is the contention of the plaintiff in error that the payment of the $30 and the two payments of $17.50 each were never paid to him; that all of the payments made or claimed to have been made by the defendant in error including the Ford car totaled $140.

The defendant in error returned the Chevrolet car to the plaintiff in error on February 5, 1927, and rescinded the contract on account of his minority.

The record further discloses that the credit company, owner of said note for $210, took judgment by confession against the defendant in error and Theresa Fuller his mother, on April 27, 1927, for $196.70. On December 28, 1928, this suit was brought to recover from plaintiff in error the amount claimed to be due by reason of the rescission of said contract.

The record further shows that on January 7, 1929, 10 days after this suit was instituted, the mother of the defendant in error raised $213.30 to pay said judgment and delivered the same to the defendant in error, and defendant in error satisfied the judgment. The defendant in error testified that he gave his mother a note for the amount which she advanced to satisfy the judgment.

It is insisted by the plaintiff in error that the defendant in error is not entitled to recover from him any greater sum than the value of the property which he had turned over to the plaintiff in error and the amount of cash payments he had made on said contract; that he was not entitled to recover from him the amount paid to satisfy the judgment taken against the defendant in error and his mother by the said credit company. In this connection it is urged that the mother was liable on the note and contract, and that a fair conclusion from the evidence is, that she in truth and in fact paid said judgment.

It is the contention also of the plaintiff in error that the defendant in error is not entitled to recover the amount paid in satisfaction of said judgment for the reason that, being an infant, he could have defended against the judgment. The judgment was voluntarily paid as we have already seen.

It is, therefore, urged by the plaintiff in error that the court erred in admitting proof of the payment of the judgment of the Commercial Credit Trust, obtained against the defendant in error and Theresa Fuller.

It will be remembered that this cause of action is based on the disaffirmance of a contract by the defendant in error because of the fact that he was an infant. The judgment was entered and paid to the credit company after the rescission by the minor at a time when the plaintiff in error had no interest in said judgment.

The real question then involved in this suit is, what is the effect of the rescission or disaffirmance by an infant of his contract? On avoiding a contract, the question naturally arises, are the rights of the minor fixed and determined by the contract disaffirmed by him, or are they fixed by the law.

In Vol. 3, Page on Contracts, section 1622, page 2800, it is said:—"On avoiding a contract for the purchase of personalty, the infant may recover partial payments which he has made under such contract. Upon disaffirmance, the rights of the parties become fixed and neither party can alter such rights without the consent of the other."

*Myers v. Rehkopf,* 30 Ill. App. 209, was a suit in which Myers was an infant and the question arose as to what were the rights of the parties if the infant repudiated his contract. In discussing the rights and obligations of the parties thereto at page 210, the court said:—"If the appellee rescinds or repudiates the contract because of infancy, the rights and obligations of

the parties are governed wholly by the law and not at all by their contract.''

The avoidance of any part of the contract by the infant avoids the entire contract and having been once legally avoided cannot subsequently be revived by an effort to reverse the avoidance. 14 Ruling Case Law 245.

The rights of the parties are as if the contract never existed. 14 R. C. L. 242.

The payment of $213.30 was made to the sheriff of LaSalle county for the Commercial Credit Trust. This payment was made 10 days after the summons was served on the plaintiff in error, and 10 days after the declaration was filed. The payment was made two years after the contract was disaffirmed. It was the payment of a judgment which Theresa Fuller, the next friend in the suit of Robert Fuller, was legally bound to pay or which she could have had vacated or opened up for a defense, if any, she may have had.

The evidence admitted over the objections of the plaintiff in error shows payment of $213.30, the amount due on the judgment to the finance company after the suit was started, and without a supplementary pleading being filed and two years after disaffirmance of the contract.

In *Lemon v. Beeman,* 45 Ohio St. 505, 15 N. E. 476, in discussing the question of an infant disaffirming his contract, the court said:—''The disaffirmance of a contract by an infant is the exercise of a right similar to that of rescission in the case of an adult—the ground being minority, independent of questions of fraud or mistake, but, in all else the general doctrine of rescission is departed from no further than is necessary to preserve the grounds upon which the privilege is allowed; and is governed by the maxim that infancy is a shield and not a sword. He is not in all cases, as is an adult, required to restore the opposite party to his for-

mer condition; for if he has lost or squandered the property received by him in the transaction that he rescinds and so is unable to restore it, he may still disaffirm the contract and recover back the consideration paid by him without making restitution; for if it were otherwise, his privilege would be of little avail as a shield against the inexperience and improvidence of youth.''

The rights of the parties were fixed at the time of the rescission of the contract; to allow the defendant in error to recover the amount of the judgment obtained by confession which was void as to him, two years after his avoidance of the contract and his rescission thereof would permit his infancy not only to operate as a shield but to be used as a means of an unlawful attack upon the rights of another.

We think the defendant in error is entitled to recover the value of the Ford car together with any sum or sums of money he paid to the plaintiff in error, but is not entitled under the facts as disclosed by this record to recover the amount of the judgment paid to the finance company.

It is also insisted that the court erred in giving the defendant's in error 2nd, 3rd, 4th and 5th instructions. We have examined these instructions; they entirely ignore the question of liability of the mother on said note and on the contract given in connection with the purchase of the automobile.

We are of the opinion that the court erred in the giving of said instructions. For the reasons above, we conclude therefore that the judgment of the county court of LaSalle county should be reversed and the cause remanded.

*Reversed and remanded.*