Logan County Bank, Plaintiff-Appellee, *v.* James H. Taylor, Defendant-Appellant.

(No. 11940;

Fourth District—April 26, 1973.

John M. Ritchie, of Pekin, for appellant.

Harris & Harris, of Lincoln, (Homer B. Harris, Jr., of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

While a minor, defendant executed a note. While still a minor, he claims he renounced or disaffirmed it. He used the proceeds of the note for the purchase of an automobile. He made two payments, was then drafted, and left the car with a friend "when I went into the service and it set there until I contacted the bank to pick it up". He was twenty when all this occurred. The bank did pick it up and sold it for salvage—$30. The note when executed in December, 1964, was for $377.40. Subse-

quently, in 1969, the bank called defendant in and demanded payment. Defendant advised them that he was a minor at the time the loan was executed, but was told in return that such fact was of no consequence, and he thereupon agreed to make payments of $10 or $15 a month—which he never did. In February, 1972, the bank confessed judgment against him. Defendant sought to have such set aside arguing that he had timely disaffirmed the note. The court, however, confirmed the judgment and he appeals.

██ We are not presented with the question more often present than not, as to whether the disaffirmance, if such was the case, was timely, that is, made within a reasonable time after reaching majority. Here, the disaffirmance, if there was one, was prior to majority and therefore about as timely as it could be. A minor can in most instances disaffirm a contract during his minority. But the question remains, was the act of calling the bank and telling them to "pick it up" a renunciation or disaffirmance. For defendant here to avoid the note, the renunciation must be unequivocal. In 27 I.L.P. 39, Sec. 43, it is said:

> "As a general rule, a minor's contract may be avoided by any act showing unequivocally a renunciation of, or a disposition not to abide or be bound by the contract made during minority."

The bank argues that defendant's direction to pick the car up was not an act of disaffirmance and points to the fact that defendant did not demand the return of two payments previously made. It argues further, that disaffirmance can only come after majority—thus whatever the implications of picking up the car might be, it has no bearing in our context.

██ We think otherwise. As we have seen, a minor can disaffirm his contract during minority, and the question here is whether he did so in having the car picked up by the bank. Disaffirmance or renunciation is a question of intent and it seems to us that when he told the bank to pick up the car it was his intent to disaffirm the note. There are no circumstances present that militate against such conclusion by implication, such as making another payment, or expressly, by advising the bank at the time that he still intended to pay off the note. In our opinion, his contacting the bank and telling them to pick up the car was an unequivocal renunciation and disaffirmance. True, he could have sent them a letter, registered mail, telling them just that, and maybe such could be characterized as "more unequivocal", but there is no requirement for the nth degree of unequivocalness. As defendant points out, to impose specificity and formality on the act of disaffirmance is to disregard the basis for the policy of the law that protects minors from their improvident actions and which accords to them the right to disaffirm.

██ The bank points to the subsequent conversations with it in 1959

and characterizes such as "reaffirmance". But you can't reaffirm that which has been disaffirmed. In our opinion, there was *nothing* to reaffirm—defendant's disaffirmance in legal effect obliterated the note. Reaffirmance cannot be premised on an effort to reverse that which has been legally avoided. (*Fuller v. Pool,* 258 Ill.App. 513.) Accordingly, we hold that defendant disaffirmed the contract during his minority. The judgment appealed from is reversed and the cause is remanded with directions to vacate the judgment and enter judgment for defendant.

Reversed and remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.