## THOMAS M. PETERS ET AL. V. Z. C. CLEMENTS.

1. PLEADING—RELEASE.—A consideration is necessary to support a release of a claim for purchase-money against land, and when the same is relied on, the consideration should be pleaded.

2. EQUITABLE ESTOPPEL—PLEADING.—In a suit by one claiming to be subrogated to the rights of a vendor, and who sought to subject a portion of a tract of land to the payment of its proportionate part of the purchase-money contracted to be paid for the whole tract, the defendant, who claimed title, alleged that the plaintiff had renounced and released all claim for purchase-money against the particular portion of the land claimed by him : *Held,* That, regarded as an effort to plead an equitable estoppel, the answer was defective in failing to show that the alleged renunciation was made to defendant, or intended to influence him in purchasing, or that it was made under such circumstances as justified defendant in acting on it, or that defendant was in fact influenced thereby to purchase.

3. FACT CASES.—See opinion (in connection with the statement of case in 46 Tex., 115) for facts held not sufficient to constitute an equitable estoppel, and which might properly have been excluded from the jury on motion.

4. SUBROGATION—VENDOR'S LIEN.—The purchaser at a sale under a judgment foreclosing a vendor's lien on the entire tract of land originally sold, is entitled to be subrogated to the rights of the original vendor, as against the purchaser of a portion of the land, who bought from the vendee before proceedings to foreclose were begun, and who was not made a party to such proceedings. He may have that portion of the land claimed by the second vendee, and who was not made a party to foreclosure proceedings, resold to pay its proportion of the amount paid at the foreclosure sale for the entire tract.

APPEAL from Cass.    Tried below before the Hon. B. T. Estes.

(Reference is made to the report of this case on its former appeal, in 46 Tex., 115.   New features in the case will be apparent from the opinion.)

*T. J. Campbell, George T. Todd,* and *George T. Vaughan,* for appellants.

I. Admitting the husband to be the legal agent of the wife, yet he could not, as such, delegate his authority to his agent,

or any third party, so as to affect the wife's rights by the acts of said sub-agent.

The plaintiffs sue for the land in controversy as the separate property of Naomi Peters, or seek to recover its proportionate part of the purchase-money due on the sale from T. M. Peters to W. F. Connell, averred to be $733 and interest, she having bought the land at sheriff's sale, and being subrogated to the rights of T. M. Peters by virtue of her purchase.

The plea excepted to avers that T. M. Peters, by himself and his agent and attorney, J. J. Peters, renounced and released all claim for purchase-money against the said four hundred and fourteen acres of land, at and before the commencement of his suit against Connell, because the balance of said land was amply sufficient to pay any balance that might be due on the same. (Pars. on Cont., 40, 84; Sayles' Treat., 2d ed., secs. 139, 142; McAlpin *v.* Cassidy, 17 Tex., 449; Insurance Co. *v.* Lyons, 38 Tex., 253; Nations *v.* Thomas, 25 Tex. Supp., 221.)

II. In actions of this character, if the defendant attempts to plead specially the facts constituting his defense, then he must plead fully all the facts; nor will he be allowed to prove facts not alleged. (Sayles' Prac., sec. 717, and authorities.)

The plea failing to allege any consideration-money to the plaintiffs, or either of them, for the alleged waiver of lien, is therefore insufficient, because a consideration, either good or valuable, is essential to the validity of every such contract. (Travis *v.* Duffau, 20 Tex., 49; Mayfield *v.* Cotton, 21 Tex., 1; Sayles' Treat., sec. 60.)

III. The court erred in refusing to exclude defendant's testimony on his plea of estoppel.

To sustain the defendant's plea of estoppel, it was necessary to show that the plaintiffs, either themselves or by a duly authorized agent, designedly and directly made a waiver of the lien, either to Day or to Clements; or, at the very least, if they made it to any third person, such as Chamblee, it should also appear that they authorized him directly to inform Day or

Clements, and it must appear that the agent's special authority authorized and empowered said agent to make said waiver in said manner, and bind his principals thereby. (Sayles' Treat., sec. 142, and note and authorities; Pars. on Cont., 40.)

[No briefs on file for appellee.]

GOULD, ASSOCIATE JUSTICE.—This case, on a former appeal, is reported in 46 Texas, where will be found a sufficient history of the transactions and an adjudication settling the legal questions there presented. After the reversal the plaintiffs, though still seeking to recover the land originally sued for, amended their pleadings, seeking, as alternative relief, to have the land in the hands of Clements resold to pay its proportionate part of the $2,200 for which, on the former foreclosure, the entire tract was sold to Mrs. Peters, claiming that, to the extent of that $2,200, she was subrogated to the rights of Thomas M. Peters. The court submitted to the jury no other issues than those bearing on the right of plaintiffs to this alternative relief. Confining ourselves to the points made in the brief of counsel for appellants, and passing only on such of those points as seem to us material, we have not found it necessary to consider other questions than those which affect plaintiffs' right to have the land subjected as prayed for. If the court erred in refusing to instruct the jury as to plaintiffs' right to recover the land, the plaintiffs have not presented that question in such a way as to require it to be considered.

The answer of defendant contained the following: "That the said T. M. Peters, by himself and his agent and attorney, J. J. Peters, renounced and released all claim for purchase-money against the said four hundred and forty-one acre tract of land at and before the commencement of his suit against Connell, because the balance of said tract was amply sufficient to pay any balance that might be due on the same." This part of the answer was excepted to, and, in our opinion, whether it be regarded as setting up a release or an estoppel,

it was fatally defective. To a valid release some consideration was essential, and should have been alleged.

It seems, however, to have been treated as setting up an equitable estoppel, for the court charged on' that subject, and it would seem that the jury must have found for defendant on that issue. Regarded as an attempt to plead that the plaintiffs had so acted as to be, in equity, estopped from subjecting the land, the answer was defective in failing to show that the alleged renunciation was made to defendant, or intended to influence the defendant in purchasing; or that it was made under such circumstances as justified defendant in acting on it; or that defendant was, in fact, influenced thereby to purchase. The general and indefinite statement that the plaintiffs, by an agent and attorney, had renounced their claim, falls very far short of showing that plaintiffs were estopped. (Big. on Estop., 600; 28 Tex., 416, 714; 29 Tex., 53; 46 Tex., 375.)

The evidence adduced in support of this plea was as follows: John Chamblee testified, that "in the year 1867, J. J. Peters, claiming to be the agent and attorney for Thomas M. Peters, came to the old Connell place for the purpose of compromising the suit against Connell; that in the conversation between Connell, J. J. Peters, the witness, and others, the said J. J. Peters stated that the Fitzgerald place or land here in controversy was not included in the suit against Connell, for the reason that Connell had sold this part off, and the balance of the land was sufficient to pay off the balance of the purchase-money. Neither R. H. Day nor Z. C. Clements was present at the conversation. This statement of J. J. Peters, the witness communicated to Day in 1867. Witness also told defendant Clements to buy the land from Day; that the title was good, for the reasons before stated—upon which statement and suggestion the defendant Clements bought the land from Day; that witness paid about one-third of the purchase-money for the land as an advancement to his daughter, the defendant's wife." Clements was himself a witness, but does not testify

that he bought because of what J. J. Peters said, nor, indeed, to anything bearing on the estoppel.

It was in evidence that J. J. Peters was the brother of Thomas M. Peters, and, in connection with another attorney, was authorized to act as his attorney at law in the suit against Connell; but Thomas M. Peters testified that he gave him no authority to release the vendor's lien on any portion of the land, or to say to any one that any portion of it would not be held responsible for the Connell judgment.

Not having the benefit of a brief on behalf of appellee, we have carefully examined the record, and have thus stated therefrom all the evidence tending to establish the estoppel. In our opinion, the evidence is insufficient for that purpose. The authority of J. J. Peters to renounce the lien is not shown, but there is evidence of the absence of such authority. The evidence fails to show that he made the renunciation intending to influence Clements or any one else to purchase, or that it was made under circumstances justifying Clements or any one else in acting on it. The purport or meaning of the expression testified to is indefinite; the circumstances under which and object with which it was used are also left indefinite, and the reason given was not calculated to give force to what was said. At various stages of the case this testimony was objected to, and asked to be excluded from the jury as fatally defective; and the same grounds were used in the motion for new trial. In our opinion, the evidence was so defective in the particulars pointed out that the court might have sustained the motion to exclude it, or, failing to do that, should have granted a new trial.

The evidence on this trial discloses that Thomas M. Peters originally held the land for his wife, Naomi, and that the purchase-money notes were also held for her. We have, however, considered the question of estoppel as if Thomas M. Peters was himself the party at interest; for Clements, when he bought, had the right to so regard him. The objections to the plea and evidence of estoppel are not regarded as more

forcible because it is now developed that he was a trustee for his wife.

The rights sought to be enforced in this suit are those to which Mrs. Peters should be subrogated by virtue of her purchase at the foreclosure sale. Her equity, we think, is to have the four hundred and forty-one acres subjected to the payment of its proportionate part of the $2,200, having reference to the relative value of the four hundred and forty-one acres and the entire tract.

For the errors indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 7, 1879.]