## WOODMEN OF THE WORLD LIFE INS. SOC. v. CARRIZALES.

No. 11093.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 4, 1942.

Rehearing Denied March 11, 1942.

Keys & Holt and Hayden W. Head, all of Corpus Christi, for appellant.

Wade & Wade, of Beeville, for appellee.

NORVELL, Justice.

Appellee, Juan Carrizales, brought this action as the beneficiary under a benefit certificate issued by appellant, Woodmen of the World Life Insurance Society, upon the life of Angel Puentes. The insurance society sought to defeat liability upon the ground that the deceased, Angel Puentes, had given false answers to questions contained in the application for the benefit

certificate, which contained the following warranty: "I hereby certify, agree and warrant that all the statements, representations and answers in this application are full, complete and true * * * and I agree that any untrue statements or answers made by me in this application * * * or any concealment of facts in this application, intentional or otherwise * * * shall make my benefit certificate void, and all rights of any person or persons thereunder shall be forfeited."

The case was tried to the court without the aid of a jury. The trial court's findings of fact and conclusions of law are here efficiently attacked by the appellant.

It appears that appellee was a great uncle of deceased. He was also the Consul Commander of the local camp of the Woodmen of the World at Beeville. Appellee was with deceased at the time the application for insurance was filled out. He saw that all the answers called for in the application were filled out, and "what the boy (Angel Puentes) didn't remember," appellee "reminded him." It also appears that appellee paid all premiums or charges due to the Insurance Society upon the benefit certificate.

Angel Puentes was about sixteen years old at the time the application for insurance was made. He died six months later; the cause of death, as shown by the proofs of loss, being lobar pneumonia.

In the application for insurance, Angel Puentes stated that he had no deceased brothers or sisters. Appellant contends that this statement was false and, being a warranty, avoided the benefit certificate.

The trial court's twelfth finding of fact reads as follows:

"I find that Angel Puentes reasonably concluded that said question No. 1 (relating to family history) called for his brothers and sisters who were born alive and lived for at least a few days, and long enough to be named, and that three children of his father and mother, two of which were stillborn and the third lived only a few hours, were not considered by the said Angel Puentes to be his brothers and sisters for the reason that neither lived long enough to acquire a name in order to distinguish him or her as a brother or sister; that such children were born and were deceased prior to the birth of Angel Puentes.

"I find that such answer to said question No. 1, under the reasonable construction placed upon it by Angel Puentes, was true."

It appears from the testimony that the child who lived a few hours was a little girl.

In Rodriguez v. W. O. W. Life Ins. Society, 136 Tex. 43, 145 S.W.2d 1077, it is said that in determining the intention of the parties to an insurance contract, the terms employed are "construed according to their popular and ordinary meaning, unless such items have acquired a technical meaning in commercial usage, or unless it appears that it was the intention of the parties to use such terms in a technical sense."

■ Obviously, the word "sister" was not used in a technical sense in the application. The popular and ordinary meaning of the word is well settled and definite. A sister is "a female person considered in her relation to another person having the same parents." Webster's New International Dictionary.

■ The trial court erred in holding that the female child, born alive to the parents of Angel Puentes, was not a "sister" of said Angel Puentes within the meaning of the word as used in the application for insurance.

The trial court concluded as a matter of law that "none of the answers to question No. 1, under the heading 'Family History' were material to the risk, neither did they actually contribute to the contingency or event on which said benefit certificate became due and payable."

■ This conclusion relates to an immaterial matter. Appellant is a fraternal benefit society, operating under the provisions of Chapter 8, Title 78, Articles 4820 et seq., Vernon's Ann.Civ.Stats., and the Legislature has seen fit to exempt such societies from the provisions of Article 5043, Vernon's Ann.Civ.Stats. See Art. 4823, Vernon's Ann.Civ.Stats; Rodriguez v. Woodmen of the World Life Insurance Society, supra; Supreme Forest, Woodmen Circle v. Hare, Tex.Civ.App., 105 S.W.2d 414.

We need not discuss appellant's further contention that Angel Puentes had tuberculosis at the time the application was made and falsely answered that he had not consulted a physician with ref-

erence to such disease within ten years prior to the date of. the application.

For the error pointed out, the judgment of the trial court is reversed and judgment here rendered that appellee recover of appellant judgment for the sum of $7.21, the amount of premiums paid and tendered into court, and that further than the recovery thus allowed appellee take nothing.

SMITH, C. J., disqualified and not sitting.