JUAN CARRIZALES v. W.O.W. LIFE INSURANCE SOCIETY.

No. 7988. Decided January 13, 1943.
(167 S. W., 2d Series, 509.)

*Wade & Wade* and *L. D. Stroud,* of Beeville, for petitioner.

It was error for the Court of Civil Appeals to hold that a minor, under sixteen years of age, committed a breach of warranty in his application for insurance because he failed to list a deceased sister who was born and died prior to insured's birth and who lived only a few hours and did not acquire a given name. Dearden v. Adams, 19 R. I. 217, 36 Atl. 3; West v. Moore, 14 Vt. 447, 39 Am. Dec. 235; Prescott v. Norris, 32 N. H. 101.

*Keys, Holt & Head,* of Corpus Christi, for respondent.

The false answer of the insured in his application for insurance in stating that he had no sisters was a breach of his warranty, and rendered the certificate of insurance null and void. Supreme Forrest, Woodmen Circle v. Hare, 105 S. W. (2d) 414; Goddard v. East Texas Fire Ins. Co., 67 Texas 69, 71, 1 S. W. 906; Brotherhood of Railroad Trainmen v. Wood, 79 S. W. (2d) 665.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

Petitioner, Juan Carrizales, sued respondent, Woodmen of the World Life Insurance Society, a fraternal benefit society,

on a life insurance policy. A trial court judgment for petitioner was reversed and rendered by the Court of Civil Appeals at San Antonio. 159 S. W. (2d) 536.

Angel Puentes, the insured, was sixteen years old when he signed the policy application. Less than seven months thereafter he died.

Petitioner, beneficiary in the policy, was the head of respondent's local camp at Beeville when the policy was issued. He was the insured's great uncle. The policy was purchased at his insistence, and he paid all the premiums as they accrued. He was present when the policy application was executed to see that all its questions were correctly answered and "filled out as they were." He reminded the insured what answers to give when the latter "didn't remember."

■■ In this application Puentes agreed that any untrue statement made therein would avoid the policy. In the face of that stipulation, he stated that he had no deceased brothers and sisters. But it was established by the testimony of petitioner himself that the insured had three deceased brothers and sister's, two of whom were born dead while the third died, nameless, a few days after her birth. The trial court so found but held that the insured reasonably considered that these babies were not his brothers and sisters because they did not live long enough to acquire given names by which to distinguish them as brothers and sisters; hence, his statement that he had no deceased brothers and sisters was true. We approve the holding of the Court of Civil Appeals that the statement was false. Common parentage makes two persons brother and sister. In the nature of things, neither span of life nor lack of given names can determine the relationship.

■ Petitioner urges that the statement, whether true or false, was immaterial to the risk. We might agree to that proposition but for the fact that Art 5043, R. S., 1925, has no application to fraternal benefit societies. They are saved from the force of that statute by Art. 4823, ibid. Modern Order of Praetorians v. Hollmig, 100 Texas, 623, 103 S. W., 476; Rodriguez v. W. O. W. Life Insurance. Soc., 136 Texas 43, 145 S. W. (2d) 1077. The statement constituted a warranty. Kansas Mut. Life Ins. Co. v. Pinson, 94 Texas 553, 63 S. W. 531. Therefore, its materiality to the risk cannot be considered.

Citing O'Rourk v. John Hancock Mutual Life Insurance Co., 23 R. I. 457, 50 Atl., 834, 57 L. R. A. 496, a decision by the Supreme Court of Rhode Island, petitioner contends that the insured was not bound by the warranty because he was a minor when he made it; that, therefore, the warranty does not bind his beneficiary. That case does hold that during an insured's minority his warranties cannot be set up in defense to a suit on the policy; that, since they are not binding on the minor, they are, in legal effect, no part of the contract and do not estop the beneficiary unless the latter is guilty of some fraud in procuring the policy.

However, one authority declares that this is a "questionable" view. 29 Am. Jur., p. 434, sec. 536. Another says it is "erroneous." 14 R. C. L., p. 1034, sec. 212. We hold the proposition untenable. In Metropolitan Life Ins. Co. v. Brubaker, 78 Kan. 146, 96 Pac., 62, 18 L. R. A. (N. S.), 362, the Supreme Court of Kansas said, "The warranty (that applicant had never had tuberculosis) is an integral part of the contract. It is an indispensable condition of liability on the part of the insurer. If the warranty be disaffirmed, liability on the contract must necessarily be destroyed. The contract cannot be disaffirmed and then money be taken from the company by virtue of the contract when the return of such money, if it were in the minor's hands, would be a necessary element of disaffirmance. The Rhode Island case is disapproved."

■■ A minor's contract, such as the one in controversy, is voidable at his election when he comes of age. However, he is not permitted to retain its benefits while repudiating its obligations. Ferguson v. Houston E. & W. T. Ry. Co., 73 Texas, 344, 11 S. W. 347. How, then, could petitioner, as beneficiary, disaffirm the warranty but claim the proceeds of the policy? Can he escape the burdens of the contract but enjoy its benefits when the insured himself could not do so? We think not. "The better rule upon legal principle is that the beneficiary of life insurance based on a warranty cannot disaffirm the warranty on the ground that the applicant was a minor and still enforce the policy." 29 Am. Jur., p. 434, sec. 536. See 14 R. C. L., p. 1034, sec. 212. If an insurance policy is an entire contract so that an infant insured cannot ratify a part and avoid a part, certainly his beneficiary cannot enforce the policy while disavowing its warranties. 31 C. J., p. 1087, sec. 195. To disaffirm voidable provisions of the policy is to rescind the whole

contract. This applies not only to the insured but to his beneficiary as well. See Wainwright Trust Co. v. Prudential Life Ins. Co. et al, 80 Ind. App. 37, 134 N. E. 913.

■ We overrule petitioner's point of error that the Court of Civil Appeals should have remanded the cause instead of rendering it for the respondent. The falsity of the warranty as to insured's family history is established by petitioner's own testimony. And he was one of that family. The result of another trial would, therefore, necessarily be the same. See McMahan v. Texas & N. O. R. Co., 161 S. W. (2d) 70, and authorities there cited.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 13, 1943.