**DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY of Texas, Appellant,**

v.

**George Cruz ROMAN, Jr., Appellee.**

**No. 15074.**

Court of Civil Appeals of Texas, San Antonio.

July 26, 1972.

Appellee's Motion for Rehearing Granted Sept. 13, 1972.

Appellant's Rehearing Denied Oct. 25, 1972.

Huson, Clark & Thornton, Robert Summers, San Antonio, for appellant.

Pat Maloney, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a judgment rendered on a jury verdict in appellee's suit to recover from appellant under the uninsured motorist coverage of a family combination automobile insurance policy for damages sustained when appellee's automobile was struck from the rear by an uninsured automobile operated by Ethon Odoms.[1] Although damages in the sum of $20,400.00 were found by the jury, judgment was entered for $10,000.00, being the maximum' coverage provided by said policy. The parties will be referred to as in the trial court.

Defendant asserts nine assignments of error on this appeal. The first four complain of the trial court's failure to submit requested issues on contributory negligence. Points five and six relate to defendant's contention that plaintiff violated one of the exclusionary terms of the insurance policy by signing a Department of Public Safety release of Charlene L. Hayes without the consent of defendant. Defendant urges that because of this act, the uninsured motorist coverage does not apply as a matter of law. It also urges that, in any event, a fact issue was raised, and the trial court erred in not submitting defendant's requested issue inquiring as to whether there was a settlement with any person or organization who might be legally liable for such injuries. The final three points relate to defendant's contention that plaintiff breached a condition precedent of the policy by failing to give written notice of the accident as soon as practicable.[2] Defendant urges that this provision was breached as matter of law or, in any event, the court erred in not submitting one of the requested special issues relating to such provision. Finally, it is urged that the trial court erred in overruling each of defendant's objections to the issue submitted on notice.

On the night of July 3, 1970, plaintiff took Mary Lou Valdez to a drive-in movie. After the show, they drove north on I.H. #35, which is a controlled access highway with two lanes and a paved shoulder in each roadway, and the roadways are separated by a grass median and cable fence. Several miles north of San Antonio, the

---

1. The jury returned a verdict substantially as follows:

    1. Odoms DID fail to keep a proper lookout.
    2. Such failure WAS a proximate cause of collision in question.
    3. Odoms DID fail to apply his brakes as ordinary prudent driver.
    4. Such failure WAS a proximate cause.
    5. Odoms DID fail to turn his automobile to the right immediately before the accident.
    6. Such failure WAS negligence.
    7. Such failure WAS a proximate cause.
    8. Roman DID NOT stop his vehicle on the paved part of the highway.
    9. Not answered.
    10. Roman DID NOT stop his vehicle on the roadway or shoulder without a red light visible 500 feet from the rear.
    11. Not answered.
    12. Mrs. Beatrice Roman, acting on behalf of her son, George DID give notice as soon as practicable to Dairyland or any of its authorized agents.

2. "NOTICE In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

muffler on plaintiff's 1956 Chevrolet came loose and started dragging on the highway. Plaintiff pulled off to his left, stopped the car and got under it to secure the muffler. While under the car, it was struck from the rear by the north-bound automobile operated by Odoms. Shortly after this collision, Odoms' vehicle or a piece of debris from the first collision struck a north-bound car operated by Mrs. Charlene Hayes. The crucial issues in dispute at the trial were whether plaintiff stopped his vehicle on the paved portion of the highway or on the grass median and whether the lights were burning or off. There was testimony and physical facts to support either theory, but the jury found that the vehicle was not stopped on the highway without a red light visible for at least 500 feet from the rear. No complaint is here made of these jury findings.

In addition to these issues of contributory negligence answered favorably to plaintiff, defendant timely requested that the following issues be submitted; did plaintiff keep a proper lookout on the occasion in question; did plaintiff stop his vehicle on the median when an ordinary, prudent person would not have done so; was plaintiff working on his vehicle at such time and in such manner that an ordinary, prudent person would not have done; and did plaintiff fail to give such warning to oncoming traffic as would have been given by an ordinary, prudent person?

The trial court did not err in refusing to give these requested issues. Plaintiff was under his car at the time it was struck from the rear, and his lookout would have nothing whatsoever to do with the accident. The other three requested issues are, at best, shades of the two issues of contributory negligence given by the trial court and, accordingly, reversible error is not shown by the refusal to submit any of same. Rule 279, Texas Rules of Civil Procedure. Defendant's first four points are without merit and are overruled.

Exclusion (b) of the uninsured automobile coverage provides that the policy does not apply " . . . to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor; . . . ." Mrs. Hayes was required by the Department of Public Safety to post security in accordance with Article 6701h, Vernon's Annotated Civil Statutes. She did not have liability insurance. On September 25, 1970, Mr. Jesse Gamez, the attorney for plaintiff, furnished Mrs. Hayes with a release executed by both Ethon Odoms and the 19-year old plaintiff on the form prescribed by the DPS. No consideration was given by Mrs. Hayes for either release and it is urged by plaintiff that his release was not binding on him. Nevertheless, defendant was not consulted regarding the release signed by plaintiff and plaintiff does not contend that defendant consented to same.

Defendant urges that, as a matter of law, the claim sued on herein is thereby excluded under the express terms of the policy or that, in any event, the court erred in not submitting issues inquiring as to whether Mrs. Hayes was a person "who may be legally liable." In Grissom v. Southern Farm Bureau Casualty Ins. Co., 476 S.W.2d 448 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.), it was held that a settlement by insured with the uninsured motorist without the permission of insurer waived insured's rights under uninsured motorist coverage.

We have found no Texas case construing the effect of this exclusion on a settlement with the operator of a third-party vehicle, such as Mrs. Hayes; however, there is a split in the authorities from other jurisdictions as to whether such exclusion applies only to a settlement with a person legally liable for injuries caused by accident arising out of the ownership, mainte-

nance or use of the uninsured vehicle. See 25 A.L.R.3d 1275 (1969); Kisling v. MFA Mutual Insurance Co., 399 S.W.2d 245 (Mo.Ct. of App.—Springfield 1966); McInnis v. State Farm Mutual Automobile Ins. Co., 208 So.2d 481 (Florida Ct. of App.1968); LaBove v. American Employers Ins. Co., 189 So.2d 315 (Louisiana Ct. of App.1966); Michigan Mutual Liability Co. v. Karsten, 13 Mich.App. 46, 163 N. W.2d 670 (1968).

■ We do not consider it necessary to construe this exclusion or the instrument executed herein in that there is no evidence to raise a fact question that Mrs. Hayes is a person who may be legally liable for the injuries or damages to plaintiff. Mrs. Hayes testified that she was operating her vehicle in the right-hand lane of the north-bound roadway when she drove past the plaintiff's vehicle which was parked on the median. Shortly thereafter, her car was struck a glancing blow by Odoms' vehicle or was struck by a piece of debris from the collision between Odoms' and plaintiff's vehicles. No one blamed her for the accident, and in fact, Odoms testified that Mrs. Hayes didn't do anything to him, but that he ran into her. Although defendant alleged that Mrs. Hayes was a joint tort-feasor and, thereby, responsible for one-half of the damages; it did not charge her with any act of negligence. In any event, such release was harmless to defendant in that the judgment was entered for $10,000.00, whereas the damages found by the jury were $20,400.-00, and therefore defendant's subrogation rights were not affected. The trial court did not err in holding, as a matter of law, that the DPS release executed by plaintiff did not breach his coverage under the policy.

The final three points all relate to defendant's contention that plaintiff failed to give written notice of the accident as soon as practicable as required by the policy. In Members Mutual Insurance Co. v. Cutaia, 476 S.W.2d 278 (Tex.1972), the Supreme Court reaffirmed the holding in Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955), that this policy provision is a condition precedent to liability and expressly held that such condition precedent must be complied with irrespective of harm or prejudice to the insurer.

■ We must consider at the outset plaintiff's reply-point that this defense was not specifically alleged by defendant as required by Rule 94, T.R.C.P., Defendant pleaded only that: "Plaintiff has solely failed to comply with the conditions of said policy, to-wit: [there is then attached a verifax copy of the conditions of the policy]." Since only the question of notice was in the case, obviously the reference to the other conditions raised sham defenses. Such a pleading violates both the spirit and the letter of Rule 94, T.R.C.P. See Sherman v. Provident American Insurance Co., 421 S.W.2d 652 (Tex.1967); International Security Life Insurance Co. v. Maas, 458 S.W.2d 484 [Tex.Civ.App.—Houston (1st Dist.) 1970, writ ref'd n. r. e.]. Irrespective of whether the trial court was authorized to disregard the pleading of the defendant as being sham or frivolous or require a repleader, it is clear that it did not do so.[3] To the contrary, the record shows that evidence regarding the manner of notice given defendant was freely introduced, and that the trial court submitted an issue relating to such notice.

Plaintiff was hospitalized in San Antonio from July 4 to July 7, 1970, following which he was taken to his parents' home in Uvalde. On about July 7th, he learned that Odoms did not have liability insurance on his car. Plaintiff's mother promptly went to the agent in Uvalde from whom the policy had been purchased and informed him of her son's accident and

3. Plaintiff did not except to such pleading or move to disregard same. The striking of such allegation would have given defendant the right to amend. 3 McDonald, Texas Civil Practice, Section 10.14.5.

Odoms' lack of coverage. Mrs. Roman testified that the agent replied: "That's too bad for him." On about July 16th, the Romans received a letter from the DPS inquiring why the accident had not been reported. Mrs. Roman took the form to the agent, and he told her to have their lawyer fill it out. Mr. Jesse Gamez was employed on July 16th and filed suit on July 24, 1970. Citation was served on defendant on August 5, 1970, at Austin. Defendant's manger testified that this was the first notice he had of the accident. The Uvalde agent did not testify, nor was there any contradiction in the testimony of Mrs. Roman relating to the verbal notice to him of the accident.

Although the policy requires written notice of the accident as soon as practicable, such provision is for the benefit of the insurer and may be waived by it. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1957); New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945); Aetna Insurance Co. v. Durbin, 417 S.W.2d 485 (Tex.Civ.App.—Dallas 1967, no writ). As a practical matter, an insured's only contact with the insurer will be through the agent who issued the policy;[4] and, therefore, notice of the accident will usually be given to such agent. This agent, if authorized, may waive the policy requirement regarding written notice. Aetna Insurance Co. v. Durbin, supra; Westbrook v. Millers Mutual Fire Insurance Co., 374 S.W.2d 248 (Tex.Civ.App.—San Antonio 1963, no writ); 18 ALR2d 443, 472 (1951).

The record reflects that neither plaintiff nor defendant raised the issue of waiver. Plaintiff apparently contended that the conversation with the Uvalde agent was sufficient in that the only issue submitted inquired whether Mrs. Roman had given notice as soon as practicable to defendant or any of its authorized agents. Obviously, the conversation as testified to by Mrs. Roman, does not meet the policy require-

ments regarding particulars of the accident. The written notice given by service of the citation and petition some 31 days after the accident would, at most, raise a fact issue that it was given as soon as practicable. Members Mutual Insurance Co. v. Cutaia, supra. Defendant objected to this issue on several grounds, but the thrust of its objections was that the inquiry should be limited to "written" notice. It did object to the failure of the issue to require that particulars of the accident be given as a part of the notice. Defendant did not object to the court's failure to submit an issue on waiver and did not question the agent's authority. However, in the absence of a pleading by plaintiff of waiver of written notice, we cannot say that there is an implied finding of same by the trial court.

We conclude that the judgment must be reversed since there is no finding to establish that the condition precedent of written notice was complied with by plaintiff or waived by defendant. Furthermore, the issue submitted does not make inquiry of the notice as required by the policy. Since the evidence has not been fully developed, the proper judgment is one of remand.

Accordingly, the judgment of the trial court is reversed, and the cause remanded.

ON MOTION FOR REHEARING

Appellee points out in his motion for rehearing that at the time of the accident, he was a minor, being 19 years of age, and, therefore, excused from compliance with the notice requirement of the policy sued on herein while under the disability of minority.

This question was considered recently by the Supreme Court in McCrary v. City of Odessa, 482 S.W.2d 151, 154 (Tex.1972), wherein it was held in a case of first impression: "We conclude that legal incapacity should be treated in a manner similar to and consistent with our rules concerning

1. The only address on plaintiff's policy is that of the Uvalde agent.

mental and physical incapacity and hold that Thomas Alton McCrary, being under legal incapacity to institute or settle a claim in court, was excused from compliance with the notice requirement until he reached the age of twenty-one or until his disabilities were removed." Thus, it was held that McCrary was excused from compliance with the provision of the Odessa City Charter which required written notice within sixty days from date of accident. See also: Latcholia v. Texas Employers Ins. Ass'n, 140 Tex. 231, 167 S.W.2d 164 (Tex.Comm'n App.1943, opinion adopted).

Appellant urges that this rule has no application here in that appellee's obligation to give written notice as soon as practicable was a contractual obligation. Accordingly, it is urged that appellee may not claim benefits under the insurance policy while repudiating his obligations under same. See Carrizales v. W. O. W. Life Insurance Society, 140 Tex. 259, 167 S.W. 2d 509 (Tex.Comm'n App.1943, opinion adopted).

The application of the notice requirement of an automobile liability policy to a minor was considered in Brown v. State Farm Mutual Automobile Ins. Co., Tex. Civ.App., 449 S.W.2d 93 (1969), and Central Surety & Insurance Corporation v. Anderson, Tex.Civ.App., 446 S.W.2d 897 (1969). Both cases were decided by the Second Court of Civil Appeals prior to the *McCrary* holding, and there was no application for writ of error in either case. The following rule was adopted by the Second Court of Civil Appeals: "In determining whether an additional insured has given notice within a reasonable time, all the circumstances are considered, including, but not confined to, age, experience, capacity for understanding and knowledge that coverage exists in one's favor." Such a rule would appear to be in conformity with the policy requirement that notice be given as soon as practicable.

Nevertheless, a similar rule, as set forth in Wones v. City of Houston, 281 S.W.2d

133 (Tex.Civ.App.—Galveston 1955, no writ), was rejected by the Supreme Court in McCrary v. City of Odessa, supra. It is seen that the purpose of the notice requirement is the same in the insurance policy sued on herein as the notice requirement of the city charter. Furthermore, the physical and mental disability rule considered by the Supreme Court in *McCrary* is applicable also to the notice requirement in an insurance policy. We see no reason for drawing a distinction as to the effect of the disability of minority because of the type of cause of action asserted by the minor.

Accordingly, we hold that since the undisputed record establishes that appellee was under disability of minority until after this suit was filed, he was excused from complying with the notice requirement of the policy.

Our judgment of July 26, 1972, is withdrawn, and judgment here rendered that the judgment of the trial court be affirmed.