**DAIRYLAND COUNTY MUTUAL INSUR-ANCE COMPANY OF TEXAS,**
**Petitioner,**

v.

**George Cruz ROMAN, Jr., Respondent.**

**No. B–3701.**

Supreme Court of Texas.

July 11, 1973.

Huson, Clark & Thornton, Robert B. Summers and Philip D. Clark, San Antonio, for petitioner.

Pat Maloney, San Antonio, for respondent.

WALKER, Justice.

This is a suit to recover under the uninsured motorist provisions of an automobile

liability insurance policy. On the controlling questions presented for decision, we hold: (1) that a minor insured is not necessarily excused from complying with the notice requirements of the policy throughout the time he is under the disability of minority; (2) that where the plaintiff avers generally that all conditions precedent have been performed and no attempt is made to raise an issue of notice except by a sham pleading, the defendant is not entitled to a reversal on the ground that the plaintiff failed to establish that a written notice condition was performed; and (3) that a release given without consideration does not constitute a "settlement" within the meaning of Exclusion (b) in Part IV of the policy.

The suit was brought by George Cruz Roman, Jr., against his insurer, Dairyland County Mutual Insurance Company of Texas, to recover damages for personal injuries sustained by him in an accident that occurred shortly after midnight on July 4, 1970, a few miles north of San Antonio on Interstate Highway 35. Plaintiff, who was accompanied by Mary Lou Valdez, was driving in a northerly direction on the highway when the muffler on his 1956 Chevrolet automobile became dislodged and began dragging on the pavement. He stopped his vehicle on the left side of the roadway and crawled under the car to remove the muffler. After he had completed his work and while he was emerging from under the car, it was struck in the rear by a vehicle driven by Ethan Odoms, an uninsured motorist. Immediately following this collision, an automobile driven by Charlene Hayes in a northerly direction in the right-hand lane of the highway was struck either by Odoms' car or by a piece of debris from the collision. Neither Miss Valdez nor Mrs. Hayes was injured, but plaintiff sustained personal injuries consisting

primarily of a large laceration of the face and forehead.

At the time of the accident plaintiff was 19 years of age [1] and was the named insured in an automobile liability insurance policy issued by defendant. He is the only person named as an insured, and his automobile is the only vehicle described in the policy. The policy contained the standard uninsured motorist coverage and the usual general condition requiring written notice of an accident, occurrence or loss to be given by the insured to the company as soon as practicable. Five days after the accident, plaintiff's mother talked with the insurance agent in Uvalde through whom the policy had been acquired and informed him of the details of the accident and that Odoms was uninsured. Neither defendant nor any of its agents received written notice of the accident, however, until August 5, 1970, when defendant was served with the citation and the accompanying petition in this suit.

The case was tried before a jury, which: (1) found that the accident was proximately caused by the negligence of Odoms and that plaintiff's mother gave "notice of the accident" to defendant or its agents as soon as practicable; (2) refused to find that plaintiff was negligent; and (3) assessed plaintiff's damages at $20,100.00. The trial court rendered judgment in plaintiff's favor for $10,000.00, the policy limit, and the Court of Civil Appeals affirmed. 486 S.W.2d 847.

In its motion for instructed verdict, defendant insisted that there was no evidence to support a finding that written notice containing the information required by the policy was given as soon as practicable after the accident. When this motion was overruled, it objected to the charge on the ground that the notice issue did not require

1. A statute adopted by the 63rd Legislature and effective August 27, 1973, provides that, subject to one exception with respect to property held by a custodian under the Texas Uniform Gifts to Minors Act, Art. 5923–101, Vernon's Ann. Tex.Civ.St., a person who is at least 18 years of age shall have all the rights, privileges and obligations of a person who is 21 years of age. Acts 1973, 63rd Leg., p. ——, ch. ——.

the jury to determine whether written notice containing the requisite information was given. It also requested the submission of an issue inquiring whether written notice containing such information was given as soon as practicable after the accident.

Initially the Court of Civil Appeals held that defendant's objection to the charge was well taken and that the judgment in plaintiff's favor should be reversed since there was no finding to establish that the written notice was either given by plaintiff or waived by defendant. The judgment of the trial court was accordingly reversed, but the cause was remanded in the interest of justice. On rehearing the court concluded, on the authority of our decision in McCrary v. City of Odessa, Tex.Sup., 482 S.W.2d 151, that plaintiff was excused from complying with the notice requirements of the policy. Its original judgment was then set aside, and the judgment of the trial court was affirmed.

■ The provision of the present policy requiring that notice of the accident be given the insurer as soon as practicable is a condition precedent to liability. In the absence of waiver or other special circumstances, failure to perform the condition constitutes an absolute defense to liability on the policy. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95; New Amsterdam Cas. Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56. This is so even though the insurer had actual notice of the accident and was not prejudiced by the lack of formal written notice from the insured. Members Mut. Ins. Co. v. Cutaia, Tex.Sup., 476 S.W.2d 278.[2] Under the holding of the Court of Civil Appeals here, however, the insurance company may be held strictly liable to a minor insured where it does not learn of the accident until years later and has no opportunity to make a proper investigation.

Our holding in McCrary has a similar effect, but the relationship of the parties there was quite different. The suit was by McCrary, a minor, against the City of Odessa to recover for personal injuries sustained by him when his automobile collided with a vehicle owned by the city and driven by one of its employees. The city charter contained a provision requiring, as a condition precedent to the institution of suit for personal injuries or property damage, that the claimant give written notice to the mayor and city council within sixty days from the date of injury. Although notice was not given until 51 weeks after the accident, we reversed a summary judgment for the city and held that McCrary was excused, absolutely and without qualification, from complying with the charter notice provision during the time he was under the disability of minority.

■ In our opinion this holding cannot properly be extended to reasonable provisions of a contract between private persons. The notice requirement there was thrust upon the minor by legislative enactment. It was limited to a specific number of days and could only work to the detriment of the injured claimant by abrogating his right of recourse to the courts. Here the notice condition is one provision of the contract that sets out the insurer's obligations to its insured, a contract voluntarily acquired by or for the minor plaintiff. It does not specify a definite period, and the time within which notice must be given is to be determined in the light of all the circumstances. The provision can be of bene-

2. After noting that enforcement of the contract as written can lead to unjust results in particular cases, the majority opinion in *Cutaia* states that it is better policy for contracts of insurance to be rewritten by the Board of Insurance or by the Legislature rather than by this Court. By order dated January 26, 1973, the Board prescribed a revision of the Texas Standard Provisions For Automobile Policies by adding an amendatory endorsement. Under the terms of the endorsement, which is applicable to bodily injury liability coverage and property damage liability coverage, the policy provisions with respect to giving notice of an occurrence and forwarding legal process do not bar liability unless the company is prejudiced by the insured's failure to comply with the requirement.

fit to the policyholder as well as to his detriment, because the investigation that is ordinarily made by an insurance company after receipt of timely notice may be of assistance to the insured in defending claims above the policy limits. Prompt notice of an accident is essential from the standpoint of the company, moreover, and it cannot be said that the provision is against public policy even where the insured is a minor.

While the contract of a minor is not void, it is voidable at the election of the minor. Prudential Bldg. & Loan Ass'n v. Shaw, 119 Tex. 228, 26 S.W.2d 168, 27 S.W.2d 157; Bullock v. Sprowls, 93 Tex. 188, 54 S.W. 661; Brown v. Farmers' & Merchants' Nat. Bank, 88 Tex. 265, 31 S.W. 285; Pioneer Cas. Co. v. Bush, Tex.Civ.App., 457 S.W.2d 165 (wr. ref. n. r. e.). This means that the minor may set aside the entire contract at his option, but he is not entitled to enforce portions that are favorable to him and at the same time disaffirm other provisions that he finds burdensome. He is not permitted to retain the benefits of a contract while repudiating its obligations. Carrizales v. W. O. W. Life Ins. Soc., 140 Tex. 259, 167 S.W.2d 509; 42 Am.Jur.2d, Infants, § 93. We hold that a minor insured is not necessarily excused from complying with the notice condition of an an automobile liability policy during the time he is under the disability of minority. The age, experience, capacity and knowledge of the insured are simply circumstances to be considered in determining whether the required notice was given as soon as practicable. See Brown v. State Farm Mut. Auto. Ins. Co., Tex.Civ.App., 449 S.W.2d 93 (no writ); Central Sur. & Ins. Corp. v. Anderson, Tex.Civ.App., 446 S.W.2d 897 (no writ).

This does not mean that defendant is entitled to a reversal of the trial court's judgment because of plaintiff's failure to obtain a finding that proper written notice was given within the time provided in the policy. Plaintiff alleged generally that he had complied with all conditions precedent under the policy. Rule 54, Texas Rules of Civil Procedure, provides that a party who so avers performance of conditions precedent "shall be required to prove only such of them as are specifically denied by the opposite party." Defendant did not specifically deny performance by plaintiff of any condition precedent, but alleged that

"Plaintiff has solely [sic] failed to comply with the conditions of said policy, to wit:" followed by a xerographic reproduction of the entire "Conditions" section of the policy. One of the seventeen numbered divisions of the section contains the notice requirement now urged by defendant, but many provisions in the section obviously have no bearing on the present case.

The Court of Civil Appeals recognized that defendant's pleading was not in compliance with Rule 54. It reasoned that while the trial court might have been authorized to disregard the pleading or require a repleader, this had not been done since evidence concerning notice was freely introduced and an issue relating to notice was submitted. There is also a footnote to the opinion suggesting that the deficiency in the pleading may have been waived by plaintiff's failure to except. We do not agree.

In Sherman v. Provident Am. Ins. Co., Tex.Sup., 421 S.W.2d 652, the insurance company had a somewhat similar pleading that set up all the policy exclusions. Until the case reached this Court, all parties proceeded on the assumption that the exclusions were properly raised by the pleadings. The Shermans, who were plaintiffs there, introduced no evidence to negative the exclusions, because it was their position that the company had the burden of proving that the loss fell within one or more of the exceptions. The trial court instructed a verdict for the company, and the Court of Civil Appeals affirmed. These judgments were affirmed by this Court with two members dissenting. The majority recognized that the company's pleading was in violation of Rule 94, T.R.

C.P., but concluded that the trial court's judgment for the company could not be reversed on that ground since no question as to sufficiency of the pleading had been raised in the trial court or preserved on appeal. This holding was based, in some measure at least, on the provisions of Rule 90, T.R.C.P., which is quoted in the margin.[3]

Our situation here is the converse of that in *Sherman*. The trial court rendered judgment for plaintiff, and it is the defendant that seeks a reversal. Although evidence concerning notice was admitted and an issue concerning notice was submitted, the trial court overruled defendant's objections and requests that sought submission of an issue inquiring whether written notice containing the information required by the policy was given as soon as practicable. As the case reaches us then, and there being nothing to the contrary in the record, it may fairly be assumed that the trial court chose to disregard defendant's pleading that all policy conditions were breached. Be that as it may, there is no pleading specifically raising the written notice condition as required by Rule 54. In these circumstances defendant will not be heard to complain of the trial court's refusal to submit an issue thereon or of plaintiff's failure to obtain a finding or otherwise establish that the condition was performed. See International Sec. Life Ins. Co. v. Maas, Tex.Civ.App., 458 S.W.2d 484 (wr. ref. n. r. e.).

■ Turning now to the third question, defendant contends that it is not liable because of the following policy provision:

EXCLUSIONS This policy does not apply under Part IV [the uninsured motorist coverage]:

\*    \*    \*    \*    \*    \*

(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor; . . .

On September 25, 1970, plaintiff executed a Department of Public Safety form certifying that he had released Charlene L. Hayes "from all claims and causes of action or judgments" arising from the accident in question. Mrs. Hayes was an uninsured motorist and needed the release to comply with the Safety Responsibility Law, Art. 6701h, V.A.T.S. Defendant contends that Mrs. Hayes is a person who "may be legally liable" for the injuries sustained by plaintiff. Plaintiff argues that the evidence clearly establishes that Mrs. Hayes was not negligent and that she played no part in bringing about the accident. The Court of Civil Appeals agreed with plaintiff and held that there is no evidence that Mrs. Hayes is a person who may be legally liable for plaintiff's injuries. We do not reach that question, and it is unnecessary to determine at this time the exact meaning of the words "who may be legally liable." In our opinion there was no "settlement" within the meaning of the exclusion.

The purpose of the exclusion is to protect the company's subrogation rights against the uninsured motorist or any other person legally responsible for the insured's injuries. See Annotation, 25 A.L. R.3rd 1275. The evidence here establishes conclusively that the release given by plaintiff to Mrs. Hayes was not supported by consideration. Mrs. Hayes testified that she "didn't have to pay any money or anything" for the release. There is no suggestion that she agreed to forego any

---

3. Rule 90. Waiver of Defects in Pleading General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.

# 160

claim against plaintiff or that she has ever asserted a claim against him. Her testimony tends to corroborate his version of the accident. The release itself recites no consideration, and there is no evidence of any benefit conferred upon plaintiff or detriment suffered by Mrs. Hayes in exchange for the release. Since the release is not supported by consideration, it is not binding on plaintiff and defendant's subrogation rights have not been impaired. Peters v. Clements, 52 Tex. 140; Southwestern Fire & Cas. Co. v. Atkins, Tex.Civ.App., 346 S.W.2d 892 (no writ); Woodmen of the World Life Ins. Soc. v. Armstrong, Tex.Civ.App., 170 S.W.2d 526 (wr. ref. w. m.) A release given under these circumstances does not constitute a "settlement" within the meaning of the exclusion. Wells v. Hartford Accident & Indemnity Co., Mo., 459 S.W.2d 253; State Farm Fire & Casualty Co. v. Rossini, 14 Ariz. App. 235, 482 P.2d 484 (reversed on ground that release was supported by consideration, 107 Ariz. 561, 490 P.2d 567).

Defendant's other points of error have been considered, and in our opinion they do not warrant a reversal of the judgments below. The judgment of the Court of Civil Appeals is accordingly affirmed.