**Affirmed and Majority and Dissenting Opinions filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00409-CV

---

### PAK FOODS HOUSTON, LLC, Appellant

### V.

### MARISSA GARCIA, INDIVIDUALLY
### AND AS NEXT FRIEND OF S.L., A MINOR, Appellee

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2012-67637**

---

# D I S S E N T I N G   O P I N I O N

This case raises an issue that does not appear to have been addressed by either the Supreme Court of Texas or by this court: whether a minor may enter the workforce, receive the benefits of employment, and then disavow an aspect of employment—an arbitration agreement—that the minor finds burdensome or undesirable. Though there are important policies behind the general rule that a contract entered into by a minor is voidable at the option of the minor, minors who are sixteen or seventeen years of age should not be allowed to accept the benefits

of employment without also accepting any arbitration agreement that accompanies the employment.

The appellee did not deny (or produce any evidence) that S.L. did not sign the "Important Acknowledgment" and, under regular contract principles, a signer would be bound by the arbitration agreement. Under its terms, part of the consideration S.L. received for entering into the arbitration agreement was her continued employment with appellant PAK Foods Houston, LLC after her receipt of notice of the arbitration agreement. The benefit of employment was coupled with the agreement to arbitrate.

An agreement entered into by a minor is not void; instead, it is generally voidable at the election of the minor.[1] A minor is not entitled to enforce some portions of her agreement and, at the same time, disaffirm other provisions that she finds burdensome or undesirable.[2] Simply stated, the minor who contracts is not permitted to retain the benefits of an agreement while repudiating its obligations.[3]

S.L. agreed to arbitrate her claims against PAK Foods, and she accepted the benefits of working for PAK Foods. She now seeks to disaffirm her arbitration agreement while retaining the benefits she derived from her employment. Texas law does not permit a minor to "cherry pick" the terms of a contract she seeks to enforce or avoid.[4] A minor who has elected to accept employment and who has agreed to the employer's conditions for that employment is not at liberty to pick

---

[1] *See Dairyland County Mut. Ins. Co. v. Roman*, 498 S.W.2d 154, 158 (Tex. 1973); *Carrizales v. W.O.W. Life Ins. Soc.*, 167 S.W.2d 509, 510 (Tex. 1943).

[2] *See Dairyland County Mut. Ins. Co.*, 498 S.W.2d at 158; *Carrizales*, 167 S.W.2d at 510.

[3] *See Dairyland County Mut. Ins. Co.*, 498 S.W.2d at 158; *Carrizales*, 167 S.W.2d at 510. The *In Re Mexican Restaurants* court did not address these principles in its analysis. *See* Nos. 11-04-00154-CV & 11-04-0155-CV, 2004 WL 2850151, at *1–2 (Tex. App.—Eastland Dec. 2, 2004, orig. proceeding) (mem. op.).

[4] *See Dairyland County Mut. Ins. Co.*, 498 S.W.2d at 158; *Carrizales*, 167 S.W.2d at 510.

and choose which terms she will honor and which she will not. S.L. should not be allowed to do so.[5]

In Texas, sixteen-year-old minors are allowed to join the workforce, and many find it beneficial to do so. If this group of workers is allowed to disaffirm part of the condition of employment that applies to adult workers, they may find it harder to obtain employment.

This court should conclude that the appellee is bound to arbitrate the asserted claims and that the trial court erred in denying PAK Foods's motion to compel arbitration.[6] Because it does not, I respectfully dissent.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise. (Jamison, J., majority).

---

[5] *See Dairyland County Mut. Ins. Co.,* 498 S.W.2d at 158; *Carrizales,* 167 S.W.2d at 510. *See also Sheller v. Frank's Nursery & Crafts, Inc.*, 957 F.Supp. 150, 153–54 (N.D. Ill. 1997) (holding that, under Illinois law, minors could not disaffirm arbitration clause that governed their employment).

[6] *See Dairyland County Mut. Ins. Co.,* 498 S.W.2d at 158; *Carrizales,* 167 S.W.2d at 510. *See also Sheller*, 957 F.Supp. at 153–54 (N.D. Ill. 1997).