# Supreme Court of Texas

No. 21-0296

Taylor Morrison of Texas, Inc. and Taylor Woodrow
Communities-League City, Ltd.,

*Petitioners*,

v.

Erin Skufca as Next Friend of KSX and KSXX, Minor Children,

*Respondents*

On Petition for Review from the
Court of Appeals for the First District of Texas

**PER CURIAM**

Litigants who sue based on a contract subject themselves to its terms, including any arbitration clause within that contract. In this case, Jack and Erin Skufca, along with their minor children, sue Taylor Morrison of Texas, Inc., and Taylor Woodrow Communities-League City, Ltd.,[1] for construction defects in their new home. The narrow question of pleading that Taylor Morrison presents is whether the children joined

---

[1] Unless otherwise noted, this opinion will refer to Taylor Morrison and Taylor Woodrow together as "Taylor Morrison."

the breach-of-contract claim in the petition and may therefore be compelled to arbitrate along with their parents[2] on the basis of direct-benefits estoppel. We hold that the Skufcas' petition, which did not distinguish between the parents' claims and the children's claims, unambiguously reflects the children as joining their parents in asserting the breach-of-contract claim and that the children therefore may be compelled to arbitrate.

In September 2016, Jack and Erin Skufca signed a purchase agreement with Taylor Woodrow[3] to build a home in the Mar Bella subdivision of League City, Texas. The purchase agreement includes an arbitration provision requiring arbitration of "any and all claims, controversies, breaches or disputes by or between the parties hereto" that "aris[e] out of or relate[] to this purchase agreement, the property, the subdivision or community of which the property is a part, the sale of the property by seller, or any transaction related hereto," whether those claims are based in "contract, tort, statute, or equity."

The Skufcas allege that less than a year after they moved in, the home developed significant mold issues that caused their minor children to be continuously ill. In August 2019, the Skufcas sued both Taylor Woodrow and Taylor Morrison for construction defects and fraud. Their

---

[2] The court of appeals addressed the parents' challenge to the arbitration agreement in a separate interlocutory appeal that is not before us. *See Taylor Morrison of Tex., Inc. v. Skufca*, 650 S.W.3d 660 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

[3] Taylor Woodrow is the party listed as the seller in the purchase agreement. However, the record indicates that Taylor Morrison is a limited partner of Taylor Woodrow.

petition listed Mr. and Mrs. Skufca as plaintiffs individually, as well as Mrs. Skufca as next friend of the couple's two minor children. The Skufcas asserted a number of claims, including breach of implied warranties, negligent construction, fraud in a real-estate transaction, breach of contract, violation of the Residential Construction Liability Act, quantum meruit, and violation of the Texas Deceptive Trade Practices Act. Though at times the Skufcas' petition used both "Plaintiff" in the singular and "Plaintiffs" in the plural, the petition does not differentiate between the parents and the children when asserting each cause of action.

After the Skufcas filed suit, Taylor Morrison moved to abate the proceedings and compel arbitration of all the claims based on the arbitration provision in the parents' purchase agreement. The trial court denied the motion to compel as it pertained to the children. Taylor Morrison appealed that order. The court of appeals affirmed, holding that the children are not third-party beneficiaries of the purchase agreement and that direct-benefits estoppel does not apply. ___ S.W.3d ___, 2020 WL 5823287, at *5-9 (Tex. App.—Houston [1st Dist.] Oct. 1, 2020).

The question before us is whether the Skufca children joined the breach-of-contract claim such that they must arbitrate along with their parents even though they did not sign the purchase agreement.[4] "[A] litigant who sues based on a contract subjects him or herself to the contract's terms." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755 (Tex.

---

[4] Taylor Morrison does not seek review of the court of appeals' third-party-beneficiary holding.

2001). If any one of the children's claims is based on the parents' purchase agreement, then the children must arbitrate all claims that fall under the scope of the purchase agreement's arbitration clause. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005).

The Skufcas' petition demonstrates that the children sued based on their parents' purchase agreement. The caption of the petition lists all four individuals—Mr. and Mrs. Skufca individually, and Mrs. Skufca as next friend of the two children—as plaintiffs. None of their causes of action distinguishes between the parents and the children. For example, in the breach-of-contract claim, the Skufcas state:

- "Plaintiffs had a valid, enforceable contract in place, issued by Defendant. The Plaintiffs were the beneficiary [*sic*] of the contract."

- "The Plaintiffs fully performed their contractual obligations by paying for the service of the construction of their home."

- "The actions by Defendant and their designated agents constitute a material breach of Defendant's contract with the Plaintiffs. As a result of this breach of contract, the Plaintiffs have suffered the damages that are described in this petition, the producing cause of which are Defendants' actions."

By contrast, in the damages section of their petition, the Skufcas do specify which individuals are included in a particular use of the term "Plaintiffs": "Plaintiffs (Mrs. Skufca and the two minors, KSX and KSXX specifically) have suffered physical injury and illness." The fact that the Skufcas do not similarly specify that only certain family members are included in their breach-of-contract claim provides further evidence that the claim's use of "Plaintiffs" includes all four plaintiffs.

4

In reaching the opposite conclusion, the court of appeals reasoned that "a holistic review of the pleading" indicates that "the petition is insufficiently specific to conclude that the children are joining their parents' breach of contract cause of action."  2020 WL 5823287, at *7.  The court of appeals noted that the petition's factual allegations concerning the children focus on personal injuries suffered from mold exposure.  *Id.* at *6.  Moreover, the breach-of-contract cause of action is premised on allegations that could only come from the parents, and "[t]he children had no legal basis to sue for breach of the contract."  *Id.* at *7.  In the view of the court of appeals, this context supports "reading 'Plaintiffs' as limited to the children's parents, suing in their individual capacities."  *Id.*[5]

We disagree.  The Skufcas' petition does not distinguish between individual family members in asserting the family's claims, but that does not lead to the outcome that the court of appeals reached.  Our decision in *FirstMerit Bank* helps explain why.  In that case, the parents purchased a mobile home for their adult daughter and her husband.  52 S.W.3d at 752.  The parents' financing agreement included an arbitration clause.  *Id.*  Though the daughter and her husband were not signatories to the contract, the "original petition ma[de] no distinction between the parents' claims and the [daughter and son-in-law's] claims."  *Id.* at 755-56.  Because the daughter and son-in-law "fully joined" the

_____

[5] The court of appeals employed similar reasoning to determine that the children also did not join the claims for statutory fraud in a real-estate transaction or breach of implied warranties.  2020 WL 5823287, at *7.

5

parents' contract claims, *id.* at 755, they "subjected themselves to the contract's terms, including the Arbitration Addendum," *id.* at 756.

Any factual distinctions between this case and *FirstMerit Bank* are immaterial to the question of whether direct-benefits estoppel applies based on the children's asserted contract claims. If anything, the children's status as *minors* who necessarily lived in the family home with their parents makes today's outcome even easier to reach. What matters, though, is the central common point: the Skufcas' petition does not differentiate between the parents' and the children's causes of action. By the petition's own terms, the children fully joined the breach-of-contract claim.[6]

The breach-of-contract claim includes allegations that Taylor Morrison failed to "perform[] the services that were contracted" and did not "honor[] the warranty issued at the time of issuance." Because these claims "must be determined by reference" to the purchase agreement, they satisfy direct-benefits estoppel. *Weekley Homes*, 180 S.W.3d at 132.

---

[6] A minor's own contract is generally "voidable at the election of the minor." *Dairyland Cnty. Mut. Ins. Co. v. Roman*, 498 S.W.2d 154, 158 (Tex. 1973); *but see Johnson v. Newberry*, 267 S.W. 476, 478 (Tex. Comm'n App. 1924, judgm't adopted) (noting that for contracts for necessaries such as housing, minors are still liable for the reasonable value of the benefits received). But even for a voidable contract, a minor may not "enforce portions that are favorable to him and at the same time disaffirm other provisions that he finds burdensome." *Dairyland Cnty. Mut. Ins. Co.*, 498 S.W.2d at 158. Minors may not "retain the benefits of a contract while repudiating its obligations." *Id.*

6

The children thus sued based on the contract and are subject to its terms, including the arbitration clause.[7]

We note, however, that our decision does not mean that the children may avoid arbitration simply by amending the petition to allege only tort or other noncontractual claims. While this case most clearly presents the pleading issue for our review, direct-benefits estoppel also applies when a nonsignatory seeks direct benefits from the contract *outside* of litigation. *See id.* at 132-35. Because the Skufca children lived with their parents in the home at issue and sued for factually intertwined construction-defect claims, that basis for direct-benefits estoppel serves as an additional reason to compel arbitration here. *See Taylor Morrison of Tex., Inc. v. Ha*, ___ S.W.3d ___ (Tex. Jan. 27, 2023).

Therefore, without hearing oral argument, we grant the petition for review, reverse the judgment of the court of appeals, and remand to the trial court to issue an order consistent with this opinion and for further appropriate proceedings. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** January 27, 2023

---

[7] Because the children's breach-of-contract claim alone suffices for direct-benefits estoppel and thus to compel the children to arbitrate all their claims pursuant to the arbitration clause, we do not address whether their implied-warranty or statutory-fraud claims are also based in contract such that those claims would independently trigger direct-benefits estoppel.

7