**John King and Robert King, d/b/a King Brothers Welding Company, Plaintiffs-Appellants, v. Aetna Insurance Company, Defendant-Appellee.**

### Gen. No. 48,386.

First District, Third Division.

June 28, 1961.

Joseph M. Bonfitto, of Chicago, for appellants.

Joseph T. Lavorci, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order in a declaratory judgment action granting defendant's motion to strike plaintiffs' complaint and dismissing the suit. Plaintiffs are the insured in a policy issued by defendant, insuring them for loss or liability incurred in the operation of their business. A fire occurred on March 15, 1956, and in due course defendant paid plaintiffs for the loss sustained by them. On September 3, 1958, the owners of the building in which plaintiffs were doing business at the time of the fire commenced suit against plaintiffs in the Municipal Court of Chicago, seeking to recover damages occasioned by the fire, which they charged was due to the careless and negligent acts of plaintiffs. Plaintiffs advised defendant of the suit, and the latter caused its attorney to file an appearance and enter a defense in plaintiffs' behalf on October 28, 1958. On March 8, 1960, defendant's attorney withdrew his appearance and refused plaintiffs' subsequent demand to reappear and defend the lawsuit. The Municipal Court ruled on April 6, 1960, that the withdrawal was in compliance with the rules of that court. The reason for the withdrawal by defendant's attorney was that while the insurance policy

provided coverage for damages to third parties, it specifically excluded coverage with respect to injury to or destruction of property rented to plaintiffs.

Plaintiffs commenced this suit on April 14, 1960, substantially setting forth the foregoing facts and praying for the relief previously noted. Defendant moved to strike the complaint upon the grounds that it failed to state a cause of action; that it set forth no facts showing a violation by defendant of the provisions of the policy, and that defendant's petition to withdraw its defense in plaintiffs' behalf on the ground that there was no coverage under the policy issued to them, was granted by the order of the Municipal Court. Plaintiffs acknowledge that the policy excludes coverage with respect to injury or destruction of property leased to them. They base their action squarely on their contention that when a casualty company enters a defense on behalf of an assured, when it knows or in the exercise of ordinary diligence should know that the claim is not covered by the policy, its defenses under that policy are waived as a matter of law, citing Columbian Three Color Co. v. Aetna Life Ins. Co., 183 Ill App 384. In that case the circumstances were substantially different from the instant case. The insured was covered by an "Employes Liability Policy." During the life of the policy the employee brought suit against the insured for personal injuries. The insurer appeared on behalf of the insured and conducted the defense. A verdict and judgment was obtained against the insured for $1000, and thereafter the insurer refused further to make a defense and disclaimed any liability. This was on the ground that the employee was under the age of sixteen, in violation of the law, and that the policy excluded such a risk. In the instant case, as we have previously noted, the insurer withdrew before trial and, so far as appears, plaintiffs were not prejudiced.

In Fairbanks Canning Co. v. London Guar. & Acc. Co., 154 Mo App 327, 133 SW 664, one of the cases extensively quoted from in the Columbian opinion, supra, it was held that regulations and entry of a defense by an insurance company, despite its subsequent withdrawal before trial, created an irrebuttable presumption that the assured had been prejudiced by such conduct, resulting in a waiver of defense as a matter of law.

In Illinois, however, prejudice is not necessarily presumed and it has been held that there must be allegations and proof of damage or injury as a prerequisite to such a claim. American Cereal Co. v. London Guar. & Acc. Co., 211 Fed 96 (7th Cir 1914); London Guar. & Acc. Co. v. American Cereal Co., 159 Ill App 537, reversed on other grounds, 251 Ill 123, 95 NE 1064. Cf. Lincoln Park Arms Bldg. Corp. v. United States Fidelity & Guar. Co., 287 Ill App 520, 5 NE2d 773. This rule is particularly applicable where, as in the instant case, the matter is still at the pleading stage and any defense entered may be amended under the liberal provisions of the Civil Practice Act and the Rules of the Municipal Court of Chicago. Ill Rev Stat; ch 110, § 46(1) (1959); Civil Practice Rules, Municipal Court of Chicago, Rule 1, § 46(1) (1960). In other jurisdictions it has been held under similar facts that no prejudice resulted to the insured by a defense undertaken but withdrawn before trial by the insurer. See, e. g., Journal Pub. Co. v. General Cas. Co., 210 F2d 202 (9th Cir, 1954); Lavine v. Indemnity Ins. Co., 260 NY 399, 183 NE 897, reversing 234 App Div 906, 254 NYS 1000; 142 Misc 422, 254 NYS 804; Cullinane v. Travelers Ins. Co., City Ct. NYC, 26 NYS2d 933; Cf. Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co., 269 App Div 31, 53 NYS2d 677; Socony Vacuum Oil Co. v. Continental Cas. Co., 45 Ohio L Abs 458, 67 NE2d 836, affd 144 Ohio St 382, 59 NE2d 199.

The complaint in the instant case does not allege prejudice, damage or injury by reason of the entry of an appearance and defense in plaintiffs' behalf. Plaintiffs assert that prejudice may be inferred from a commitment to a defense, from the waiver of preliminary motions, and from the difficulty of investigation of a claim at a later date. None of the foregoing matters were pleaded, nor are they necessarily inferable from the mere entry of an appearance and defense alleged in the complaint. It is our opinion that the order striking the complaint and dismissing the suit was proper.

Matters alleged by defendant in the instant case—that an attorney appeared in behalf of one of the partners of the plaintiffs' partnership since the inception of the suit; that it notified plaintiffs one month after suit against them was filed that there was an exclusion in the policy, and that the many continuances taken in the case were consented to and approved by the personal attorney are all matters *de hors* the record and therefore cannot be considered on appeal.

Order affirmed.

McCORMICK, P. J. and DEMPSEY, J., concur.