OLD MUTUAL CASUALTY COMPANY, Plaintiff-Appellant and Cross-Appellee, *v.* WILLIAM A. CLARK, Defendant-Appellee and Cross-Appellant.— (WILLIAM J. CLARK *et al.*, Defendants-Appellees.)

First District (5th Division)   No. 76-489

Opinion filed September 30, 1977.

Marvin I. Schneider, of Chicago (Harold W. Gautier, Jr., of counsel), for appellant and cross-appellee Old Mutual Casualty Company.

Kamin, Stanley & Balkin, of Chicago (Frank C. Stanley, of counsel), for appellee and cross-appellant William A. Clark.

Ader & Ader, of Chicago, for appellees Samuel Rovner, Shirley Rovner, Cynthia Zeller, Daniel McNulty, and Anita McNulty.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal of an action for declaratory judgment instituted by plaintiff which arose out of a request for liability insurance coverage due to an accident involving automobiles driven by defendants William A. Clark and Margaret Nye. As a result of the accident, occupants of the automobiles were either killed or injured. The trial court ruled that plaintiff must afford coverage for the accident.

On appeal, the issues raised are (1) whether, in the present factual setting, a disaffirmance of the purchase of an automobile should affect the rights of third parties; (2) whether plaintiff should be estopped from

asserting noncoverage under its insurance policy; and (3) whether plaintiff waived its decision to deny policy coverage.

In accordance with a stipulation of agreed facts, the trial court issued a memorandum opinion. There is a cross-appeal by William A. Clark involving that opinion. The trial court issued a supplemental memorandum opinion setting forth findings of fact. Plaintiff has appealed from the judgment based on the supplemental memorandum opinion. At the outset, we will set forth the factual situation derived from the stipulation.

Plaintiff issued an automobile liability insurance policy to defendants William J. and Lois Clark covering their 1967 Chevrolet Station Wagon from September 6, 1969, to September 6, 1970. The policy afforded coverage to relatives of the named insured when those relatives were involved in an accident while driving a "non-owned" automobile, meaning "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile." On June 12, 1970, William A. Clark (who was born on December 23, 1951), the son of the named insureds, purchased a 1962 Pontiac automobile from Carl Zaborski. He gave the keys and a duly notarized assignment of the certificate of title for the automobile to William A. Clark. Later, on June 12, 1970, William A. Clark was involved in a two-car accident while driving the 1962 Pontiac automobile. Prior to and on June 12, 1970, William A. Clark was living with his parents, William J. and Lois Clark.

After reaching his majority, William A. Clark brought an action to disaffirm the purchase contract of the 1962 Pontiac automobile. A default judgment, on November 8, 1973, was entered by the Circuit Court of Cook County as follows:

> "Thereupon, after hearing all the evidence adduced and being fully advised in the premises orders and adjudges that the contract mentioned above is hereby recinded [sic] and that the owner of said automobile is and was on the 12th day of June, 1970, in title and ownership, said Defendant Carl Zaborski, and not that of Plaintiff, William A. Clark; and the court further orders and adjudges that Plaintiff, William A. Clark, have and recover of and from the Defendant, Carl Zaborski, damages in the sum of One Hundred Seventy-five Dollars."

In the instant case, the trial court filed its memorandum opinion on January 21, 1975. The memorandum opinion held that the disaffirmance made the purchase of the automobile void ab initio as between William A. Clark and the seller only. Indeed, the trial court held that the disaffirmance did not affect William A. Clark's relationship with third parties prior to the disaffirmance; insofar as the public was concerned,

Clark's status as the purchaser of the automobile was left unchanged. Subsequently, the court granted leave to defendants to assert affirmative defenses based on doctrines of waiver and estoppel. Plaintiff moved to strike the affirmative defenses and an evidentiary hearing was held. Testimony was given by five witnesses. At the conclusion of the hearing, the court filed the supplemental memorandum opinion containing findings of fact, many of which are basically undisputed and supported by the record before us. We will turn now to an account of these facts.

On or about July 14, 1970, plaintiff received from Joslyn & Green, a law firm representing defendant Nye, a lien letter which constituted notice to plaintiff of the June 12 accident. In its letter addressed to Joslyn & Green, dated August 5, 1970, plaintiff disclaimed coverage under the insurance policy. Plaintiff, in August of 1970, sent "Report of Accident" forms to the Clarks. These forms were never returned by the Clarks. Plaintiff sent a letter, dated May 6, 1971, to Leonard Amari, an attorney retained by the Clarks. In that letter, plaintiff denied coverage for the accident. The letter was the first written communication giving the Clarks direct notice of the denial of coverage. In his letter addressed to plaintiff, dated May 4, 1971, Amari had demanded policy coverage on behalf of the Clarks.

The supplemental memorandum opinion stated:

> "The Court finds that from and after July 14, 1970, the plaintiff had proper notice of the accident and was obliged to disclaim coverage by direct communication to the Clarks within a reasonable time. The Court is in accord with the following principle laid down by our Supreme Court, in *Zak v. Fidelity-Phenix Insurance Co.*, (34 Ill. 2d 432 [*sic*]): 'When an insurer wishes upon proper grounds to disclaim liability, it must inform the assured promptly of such intention and liberate the latter to make defense in his own behalf. Mere delay in making a disclaimer is not enough, but where prejudice to the insured as a result of unreasonable delay in disavowing is shown by adequate proof, the insurer is estopped to assert noncoverage and becomes liable.' The plaintiff contends that the defendants have not shown any prejudice by reason of the delay to deny coverage. The Clarks were obliged to engage counsel; were lulled into a belief that all investigations would be conducted by the plaintiff; that the plaintiff would defend all the litigation, pending and threatened. There is further prejudice to the Clarks for the reason set forth in *Krutsinger v. Illinois Casualty Co.*, (10 Ill. 2d 518, p. 526): 'The reason is that the claim might be of such a character as that the amount of damages recovered in a lawsuit by the injured party would exceed the indemnity and subject the insured to considerable loss and damage, and therefore the insured should have a right to know with reasonable

promptness the attitude of the indemnity company, so that he might be in a position to take such action as would not only protect the indemnity company, but save himself from loss and damages.' Obviously, the claim for damages in the accident resulting in two (2) deaths, and serious injuries to others, would far exceed the policy coverage."

The trial court found that plaintiff waived and was estopped from "raising the issue of non-ownership of the automobile" and asserting noncoverage under the policy. Consequently, according to the court, the policy covered the accident on June 12, 1970, even though William A. Clark was the owner of the 1962 Pontiac automobile.

OPINION

In this case, the terms of the insurance policy are not ambiguous. The policy provided coverage for relatives of the policyholders, William J. and Lois Clark, who operated a nonowned automobile. If William A. Clark was the owner of the 1962 Pontiac automobile on June 12, 1970, the policy does not cover William A. Clark for the accident of June 12, 1970, involving his operation of the Pontiac automobile. Defendant William A. Clark purchased the Pontiac automobile on June 12, 1970, when he was a minor; however, upon reaching his majority, he disaffirmed the purchase contract. Therefore, he contends that he was not the owner of the automobile which he operated on June 12, 1970, and this lack of ownership confers policy coverage on him for the accident. In our view, this result is inequitable.

■■ ■ Since a minor has a right to disaffirm a contract for an automobile (*Pelham v. Howard Motors, Inc.* (1959), 20 Ill. App. 2d 528, 156 N.E.2d 597), the default judgment, entered November 8, 1973, made the contract void in its inception on June 12, 1970, as between William A. Clark and the seller. We agree with the trial court's memorandum opinion that the disaffirmance "did not erase" William A. Clark's ownership status under the insurance policy. Insofar as the cross-appeal is concerned, we affirm the result reached by the trial court. The trial court properly recognized the rights of plaintiff under the policy. Indeed, the disaffirmance did not affect the relationship between plaintiff and William A. Clark prior to the disaffirmance. It only affected the relationship between William A. Clark and the seller of the automobile. Our holding adequately protects a minor's right to disaffirm upon attaining majority. The privilege of minority or infancy is not to be used as a sword (*Shepherd v. Shepherd* (1951), 408 Ill. 364, 97 N.E.2d 273; *Fuller v. Pool* (1930), 258 Ill. App. 513); it is to be used as a shield " 'against the inexperience and improvidence of youth.' " (*Fuller*, at 518.) To permit defendant William A. Clark to gain insurance coverage by disaffirming

the purchase of the automobile would allow his infancy not only to act as a shield but to be used as a sword for attacking the rights of plaintiff. See *Fuller*.

Since, in this action for declaratory judgment, William A. Clark was the owner of the 1962 Pontiac, the accident of June 12, 1970, was not covered by the insurance policy. However, it was the opinion of the trial court that plaintiff was estopped from raising the issue of ownership as it relates to policy coverage. In 16A Appleman, Insurance Law and Practice §9088, at 333 (1968), it is stated:

> "Rights under a policy for which the insured never contracted are not enforceable unless supported by some equity and acquired through dereliction of the insurer by which the insured was caused to change his position to his detriment. To work an estoppel, there must be such conduct on the part of the insurer as would, if the insurer were not estopped, operate as a fraud on some party who has taken or neglected to take some action to his own prejudice in reliance thereon."

This reasoning is followed in Illinois case law. (See *Whaley v. American National Insurance Co.* (1975), 30 Ill. App. 3d 32, 331 N.E.2d 571; *Jennings v. Bituminous Casualty Corp.* (1964), 47 Ill. App. 2d 243, 197 N.E.2d 513.) The trial court correctly allowed the doctrines of waiver and estoppel to be raised as affirmative defenses.

■■ Indeed, an estoppel may arise only in cases where the party taking advantage of the estoppel has relied to his prejudice or detriment on some conduct of the other party. (*Insurance Company of North America v. McCleave* (3d Cir. 1972), 462 F.2d 587; *Allstate Insurance Co. v. National Tea Co.* (1975), 25 Ill. App. 3d 449, 323 N.E.2d 521; *cf. Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24.) Mere delay in disclaiming liability is not enough, but where prejudice to the Clarks resulting from unreasonable delay in notifying the Clarks of the disclaimer is demonstrated by adequate proof, plaintiff is estopped to assert that its policy does not cover the accident. (*Zak v. Fidelity-Phenix Insurance Co.* (1966), 34 Ill. 2d 438, 216 N.E.2d 113.) Defendants, the parties claiming estoppel, had the burden of establishing estoppel by clear, concise, and unequivocal evidence. (*Allstate Insurance Co. v. Horn* (1974), 24 Ill. App. 3d 583, 321 N.E.2d 285; *Coal Belt Ry. Co. v. Peabody Coal Co.* (1907), 230 Ill. 164, 82 N.E. 627.) Furthermore, defendants had the burden of establishing prejudicial reliance, an element of estoppel, by clear, concise, and unequivocal evidence. This burden was never met. We hold that an estoppel may not be predicated on the mere fact that the Clarks "were lulled into a belief" that plaintiff would conduct all investigations and "defend all the litigation, pending and threatened." The trial court held that the fact that the "Clarks were obliged to engage

counsel" amounted to prejudice. We do not agree, since there was no proof of injury or hurt to the Clarks arising from their engagement of counsel.

■■ *Krutsinger*, the case cited by the trial court as a basis for the estoppel, involves the doctrine of waiver; the case does not mention estoppel. Furthermore, since the instant case does not present facts which would make it unjust, inequitable, or unconscionable to allow plaintiff to deny coverage, a waiver has not been established. See *Mollihan v. Stephany* (1977), 52 Ill. App. 3d 1034, 368 N.E.2d 465.

Accordingly, the judgment of the Circuit Court of Cook County finding that William A. Clark owned the 1962 Pontiac automobile is affirmed. In addition, the judgment of the Circuit Court of Cook County finding against plaintiff in its declaratory judgment action is reversed and remanded with directions to enter judgment in favor of plaintiff and against the defendants.

Affirmed in part; reversed and remanded in part with directions.

SULLIVAN, P. J., and MEJDA, J., concur.