ROYAL GLOBE INSURANCE COMPANY, Plaintiff-Appellant, *v.* JACK TUTT *et al.*, Defendants-Appellees.

Fourth District No. 17232

Opinion filed July 22, 1982.

Gary L. Borah, of Heyl, Royster, Voelker & Allen, of Springfield, for appellant.

Harlan Heller, Ltd., of Mattoon (M. John Hefner, Jr., of counsel), for appellees H. E. Kendall, Violet M. Kendall, and First National Bank of Sullivan.

Dove & Dove, of Shelbyville, for appellee Jack Tutt.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff, Royal Globe Insurance Company (Globe), appeals from the order of the circuit court filed in behalf of the Kendalls and the First National Bank of Sullivan (Bank), as trustee, which granted a motion to dismiss Globe's declaratory judgment. The finding of the trial court makes the order appealable. So far as the record shows, the complaint for declaratory judgment continues to pend as to other defendants.

In summary, the complaint alleged that the insureds, Tutt and Anderson, leased real estate from the Kendalls and the Bank, as trustee,

for purposes of operating a restaurant, and that Globe issued a comprehensive liability policy on the premises. A fire occurred on April 12, 1975, and on January 2, 1979, lessors filed a suit against the lessees, Tutt and Anderson, alleging negligence which caused the fire. Globe's complaint alleged that the policy contained a provision that the insurance did not apply to, or cover property owned, occupied, or rented by the insured.

The lessors filed a motion to dismiss, alleging that on February 13, 1979, attorneys retained by Globe appeared and filed an answer and a jury demand in behalf of the lessees, Tutt and Anderson. The attorneys also issued interrogatories directed to the underlying action by lessors for damages. The motion further alleged that on December 21, 1979, Globe, for the first time, asserted a "reservation of rights" upon the policy exclusion.

A copy of Globe's "reservation" was included as an exhibit in the motion to dismiss. The document also advised of Globe's obligation to pay the reasonable cost for defense of the underlying suit for damages, and informed Tutt that he could proceed either with the attorneys who had appeared, or choose other attorneys.

After briefs were filed and argument heard, the trial court entered its order that "The Court is of the opinion that prejudice to the insureds would be presumed" and granted the motion to dismiss Globe's action for declaratory judgment.

The statement of the trial judge of the rationale in dismissing the action for declaratory judgment effects a conclusive presumption of prejudice to the insured. From this conclusion it is argued here that coverage exists because Globe is estopped to raise the defense of noncoverage by reason of the appearance of the attorneys. We find that the rationale of the trial court is not supported by the cases.

In argument, defendants here urge that the trial court's judgment is to be supported by the opinion in *Gibraltar Insurance Co. v. Varkalis* (1970), 46 Ill. 2d 481, 263 N.E.2d 823. We turn, however, to the later opinion in *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24. There, the trial court found that there was noncoverage of liability under a policy issued by St. Paul, but that the issue was whether or not St. Paul was estopped to raise that defense when it had undertaken the defense for the insured but thereafter withdrew the answer filed and withdrew as counsel. The trial court determined that there was no coverage, but that St. Paul must defend. On review, the appellate court held that St. Paul was obligated to provide both coverage and the defense.

The supreme court reversed the appellate court upon the issue of

coverage, finding that the record failed to demonstrate that the insured was induced to surrender his defense when the attorneys obtained by St. Paul entered appearance for the insured, and that by reason of such fact St. Paul was not estopped to deny coverage. In analyzing the doctrine of estoppel as applicable to the facts in *Peppers*, the court said:

> "It is generally held that an insurer may be estopped from asserting a defense of noncoverage when the insurer undertakes the defense of an action against the insured. However, it is also the general rule that the undertaking must result in some prejudice to the insured." (64 Ill. 2d 187, 195, 355 N.E.2d 24, 29.)

In further explication, the court continued:

> "Whether an insured is prejudiced by an insurer's conduct in entering an appearance and assuming the defense of an action *is a question of fact*. Prejudice will *not be conclusively presumed* from the mere entry of appearance and assumption of the defense. [Citations.] If, however, by the insurer's assumption of the defense the insured has been induced to surrender his right to control his own defense, he has suffered a prejudice which will support a finding that the insurer is estopped to deny policy coverage." (Emphasis added.) 64 Ill. 2d 187, 196, 355 N.E.2d 24, 29.

In *King v. Aetna Insurance Co.* (1961), 31 Ill. App. 2d 462, 176 N.E.2d 689, *Aetna* provided counsel who entered appearance and answered a complaint against its insured, a tenant, for fire loss brought by the landowners. *Aetna* subsequently withdrew and refused to defend. In his action for declaratory judgment the insured contended that there had been a waiver of the defense of noncoverage as a matter of law by reason of *Aetna's* appearance when it knew, or should have known, that coverage was excluded. The reviewing court determined that prejudice is not necessarily presumed or inferred, but rather that there must be an allegation and proof of detriment, observing that the requirement was particularly so at the pleading stage or before trial.

In *Apex Mutual Insurance Co. v. Christner* (1968), 99 Ill. App. 2d 153, 240 N.E.2d 742, the court stated that delay in raising an issue of noncoverage is not unreasonable if that delay was not so long as to prevent an insured action which would save loss or damages.

In *Old Mutual Casualty Co. v. Clark* (1977), 53 Ill. App. 3d 274, 368 N.E.2d 702, the insurer sought declaratory judgment as to whether there was coverage of automobile liability for wrongful

death. The insured raised the defenses of waiver and estoppel. The trial court found prejudice to the insured and estoppel to raise the issue of noncoverage because the insured engaged counsel and believed that the insurer would investigate and defend. The reviewing court reversed the order of the trial court which found an estoppel against the insurer, saying:

> "Indeed, an estoppel may arise only in cases where the party taking advantage of the estoppel has relied to his prejudice or detriment on some conduct of the other party. [Citations.] Mere delay in disclaiming liability is not enough, but where prejudice to the Clarks resulting from unreasonable delay in notifying the Clarks of the disclaimer is demonstrated by adequate proof, plaintiff is estopped to assert that its policy does not cover the accident. [Citation.] Defendants, the parties claiming estoppel, had the burden of establishing estoppel *by clear, concise, and unequivocal evidence.* [Citations.] Furthermore, defendants had the burden of establishing prejudicial reliance, an element of estoppel, by clear, concise, and unequivocal evidence. The burden was never met. We hold that an estoppel may not be predicated on the mere fact that the Clarks 'were lulled into a belief' that plaintiff would conduct all investigations and 'defend all the litigation, pending and threatened.' The trial court held that the fact that the 'Clarks were obliged to engage counsel' amounted to prejudice. We do not agree, since there was no proof of injury or hurt to the Clarks arising from their engagement of counsel." (Emphasis added.) 53 Ill. App. 3d 274, 279-80, 368 N.E.2d 702, 705-06.

Here, the trial court applied a conclusive presumption of prejudice to the insured upon the allegations of a motion to dismiss the complaint for declaratory judgment that counsel appeared, answered, and filed a jury demand on February 13, 1979, and in March served interrogatories upon the defendant, but thereafter notified the insured of the reservation of rights on December 21, 1979. There is no allegation of actual prejudice or detriment alleged in the motion, or otherwise in this record. The motion to dismiss alleges, and the lessors here argue, that as a matter of law the issue of noncoverage has been waived. We can only conclude that the argument made here, and the ruling of the trial court, is contrary to the law as stated in the several cases discussed, and that prejudice or detriment to the insured is a matter of fact (*Peppers*) must be alleged and proven by clear, concise, and unequivocal evidence. *Old Mutual Casualty Co. v. Clark; King v. Aetna Insurance Co.*

While there is no report of proceedings as to matters argued in the trial court, the written briefs tendered to the trial judge disclose that the issue of detriment or prejudice to the insured was framed by Globe at the hearing upon the motion. The argument of defendants that the issue was not adequately presented below is not supported by the record.

The judgment of the trial court is reversed, and the cause is remanded for further hearings not inconsistent with the views expressed herein.

Reversed and remanded.

WEBBER and LONDRIGAN, JJ., concur.