MID-STATE SAVINGS & LOAN ASSOCIATION *et al.*, Plaintiffs-Appellees, v. ILLINOIS INSURANCE EXCHANGE, INC., *et al.*, Defendants-Appellants (Dependable Realty, Inc., Defendant-Appellee).

Fourth District   No. 4—88—0042

Opinion filed September 13, 1988.—Rehearing denied November 3, 1988.

John F. Bramfeld, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellants.

Richard T. West, of Follmer & West, of Urbana, for appellees Joseph W. Corley and Joann Corley.

D. Cameron Dobbins, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee Mid-State Savings & Loan Association.

JUSTICE SPITZ delivered the opinion of the court:
This is an appeal from an order of the circuit court of Champaign County granting summary judgment in favor of the plaintiffs. Plaintiffs Mid-State Savings & Loan Association, Mid-State Appraising, Inc., d/b/a Mid-State Realty (Mid-State), Joseph Corley, and Joann Corley sought a declaration from the trial court that the defendants, Illinois Insurance Exchange, Inc., Crum & Forster Managers Corporation, and LWB Syndicate, Inc., were equitably estopped from denying coverage to plaintiffs for claims made by defendant Dependable Realty, Inc. (Dependable Realty), against plaintiffs in the underlying action pending in the circuit court, Champaign County (case No. 86—L—864). All defendants except Dependable Realty seek to have the summary judgment overturned on appeal.

Before proceeding to a review of the facts, there are two motions concerning the record which must be considered. On April 11, 1988, defendants made a motion to supplement the record herein with the entire record in the underlying action. On April 29, 1988, defendants filed a motion to amend the record on appeal by adding a certified report of proceeding of the arguments of counsel on the motion for summary judgment, a certified docket sheet in this cause, and from the underlying action, certified copies of portions of the common law record which the trial judge indicated in his affidavit were considered at the time of the hearing on the motion for summary judgment. Objections to both motions were filed.

■ On appeal, a "reviewing court may, in its discretion, and on such terms as it deems just" order the record to be amended to correct errors or add matters which should have been included. (107 Ill. 2d R. 366(a)(3).) The reviewing court is to decide controversies as to whether the record accurately sets out what occurred in the trial court and to make sure the record conforms to the truth. (107 Ill. 2d

R. 329.) Matters which were not filed in the trial court or which were not considered by the trial judge will not be considered by a reviewing court by way of a motion to supplement the record on appeal. *Nameoki Township v. Cruse* (1987), 155 Ill. App. 3d 889, 508 N.E.2d 1080.

■■■ The motion to supplement the record by adding the entire record in the underlying action is denied. On the other hand, the motion to amend the record filed April 29, 1988, pursuant to Supreme Court Rule 329 is granted over the objections thereto.

The trial judge tape-recorded the argument of counsel on the summary judgment. However, because of some malfunction, the proceedings could not be transcribed. Defendants' attorneys learned of this on March 15, 1988, and on April 26, 1988, the parties appeared before the trial court to argue the approval of the report of proceedings prepared by appellants. Supreme Court Rule 323(c) (107 Ill. 2d R. 323(c)) sets out the procedure for obtaining a report of proceedings where no verbatim transcript is available. Pursuant to Rule 323, the trial court settled and approved the proposed report and certified that he had considered the matters contained in the record of the underlying action which defendants have attached to their motion before this court.

■■ Petitioners' objections to the motion boil down to the fact that the proposed report of proceedings was not presented to the trial court in the time limits set out in Rule 323(c). As a practical matter, however, the defendants were unaware of the difficulty until the time limits in Rule 323(c) had already expired, and this is indicated by the trial judge's interlineation in his affidavit. Therefore, defendants' motion is construed as a motion for an extension of time to file the report of proceedings, supported by affidavit, as is required by Supreme Court Rule 323(e). (107 Ill. 2d Rule 323(e).) The affidavit of the trial judge demonstrates the need for the extension and the reasonable excuse for failing to file the motion earlier.

The record as amended discloses that on March 15, 1986, the Illinois Insurance Exchange, Inc., issued a certificate of insurance for Realtors Errors and Omissions Insurance for Mid-State Realty in the amount of $100,000, an identical certificate to Joseph R. Corley for $100,000, and to Joann Corley for $100,000. The insurance by its terms was to indemnify the insureds for claims made "by reason of any act, error or omission in professional services rendered."

On June 26, 1986, Dependable Realty sued Mid-State Savings and Loan Association, Mid-State Appraising, Inc., Mid-State Realty, Inc., Joseph W. Corley, and Joann Corley. The 16-count complaint included

allegations of tortious interference with a contractual relationship, tortious interference with prospective economic advantage, breach of a fiduciary duty by an officer-director, inducing such a breach of a fiduciary duty, unfair competition, breach of contract, fraud, theft of trade secrets, and various conspiracies based on the same facts. All of the counts are related to Joseph and Joann Corley leaving Dependable Realty and forming their own company under the name of Mid-State Realty, Inc., allegedly taking business and employees and leaving behind debts.

On July 25, 1986, the law firm of Dobbins, Fraker, Tennant, Joy & Perlstein entered an appearance on behalf of the Mid-State Companies. On the same day, Follmer & West entered an appearance on behalf of both Corleys. These attorneys continue to represent their respective parties.

Attorneys West and Dobbins began preparation for the defense of the lawsuit, including holding numerous conferences with responsible parties for the purpose of obtaining background information and facts relating to the complaint; interviewing employees for the purpose of formulating a defense and a response to the complaint; and reviewing employment agreements, corporation documents and related materials. They also tendered the defense of the case to Illinois Insurance Exchange, Inc., which in turn retained the law firm of Hinshaw, Culbertson, Moelmann, Hoban & Fuller (Hinshaw) to represent the plaintiffs in their defense of the underlying action. Hinshaw's entry of appearance was filed on September 10, 1986.

On September 12, 1986, Dobbins, on behalf of Mid-State, and West, on behalf of the Corleys, wrote letters to Attorney Timothy J. Forman at Hinshaw inquiring whether the defense was undertaken with reservation of rights. On October 10, 1986, West and Dobbins had a telephone conversation with Forman wherein Forman assured them the defense was being accepted without any reservation of rights. Dobbins followed up this conversation with a confirming letter to Forman on October 10, 1986.

By agreement of the parties, no responsive pleading was filed or due in No. 86—L—864 until October 31, 1986, at which time the Hinshaw firm filed a motion to strike and dismiss on behalf of defendants. A review of the docket entries in No. 86—L—864 discloses that, as of April 27, 1988, the only actions taken had been with regard to successive motions to dismiss the complaint which was finally answered on May 8, 1987. On February 24, 1987, a jury demand as to count IX of the amended complaint was stricken pursuant to motion. As of the time of the hearing on the motion for summary judgment in

this cause on December 3, 1987, there had been no discovery other than interrogatories.

On March 10, 1987, plaintiffs were notified for the first time that the defendants were reserving their rights to refuse coverage because of the nonapplication of the policy to the claims made in the underlying lawsuit. The defendants did state that they would continue to provide the defense, however.

On June 16, 1987, the plaintiffs filed this declaratory judgment action against the various defendants. The plaintiffs have made no claim that the policy itself provides coverage, but have instead complained that the actions of the defendants in delaying the reservation of rights should estop the insurance companies from denying coverage pursuant to the policy.

On October 26, 1987, the plaintiffs filed a motion for summary judgment, and on November 13, 1987, the defendants filed a motion for summary judgment. Both motions had attached to them interrogatories served by the defendant on each of the plaintiffs. In summary, the interrogatories requested plaintiffs to identify the particular conduct by Hinshaw or the defendants which caused prejudice to the plaintiffs and what specific prejudice resulted therefrom. Each plaintiff answered that the prejudice to them was that they were "induced *** to, and did, surrender to Defendant insurance companies and said attorneys the right to control their own defense in Case No. 86—L—864."

Following a hearing on said motions on December 22, 1987, the written order allowing plaintiffs' motion for summary judgment and disallowing defendants' motion for summary judgment was entered. Defendants appealed.

On appeal only one issue is raised. That issue is whether defendants are estopped from denying coverage by virtue of retaining attorneys who entered their appearance on behalf of plaintiffs in the underlying common law cause of action and who assumed the defense of that case.

■ The law pertaining to this issue was summarized in *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 499-500, 475 N.E.2d 872, 879:

> "An insurer may be estopped from asserting a defense of noncoverage if it undertakes the defense of an action and that undertaking results in some prejudice to the insured. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 195[, 355 N.E.2d 24].) Estoppel refers to an abatement, raised by law, of rights and privileges of the insurer where it would be inequitable to

permit their assertion; such relinquishment need not be voluntary, intended, or desired by the insurer, but it necessarily requires prejudicial reliance on the part of the insured. (*National Discount Shoes, Inc. v. Royal Globe Insurance Co.* (1981), 99 Ill. App. 3d 54, 59[, 424 N.E.2d 1166].) Whether the insured has been prejudiced is a question of fact. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 196[, 355 N.E.2d 24].) The burden of establishing that fact rests with the insured and must be proved by clear, concise, and unequivocal evidence. (*Royal Globe Insurance Co. v. Tutt* (1982), 108 Ill. App. 3d 69, 72[, 438 N.E.2d 943].) Prejudice will not be presumed. *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 196[, 355 N.E.2d 24].''

■ In the case at bar, no prejudice has been demonstrated by plaintiffs. Plaintiffs are now and have been represented by private attorneys in the underlying action in addition to those hired by the insurance company. Those private attorneys initially undertook the defense and then tendered it to Illinois Insurance Exchange. On September 10, 1986, attorneys retained by the insurer filed an appearance for plaintiffs in the defense of the underlying lawsuit. On October 10, 1986, the private attorneys were advised the insurer accepted the defense without reservation of rights. This erroneous statement was corrected, however, on March 10, 1987, when plaintiffs were notified that the defendants were reserving right to refuse coverage, although they would continue to provide defense.

In the meantime, the only discovery conducted as of the time of the argument on the motions for summary judgment was the issuance of interrogatories. There were successive motions to strike and dismiss Dependable Realty's complaint and first-amended complaint. Such motions were allowed in part on November 25, 1986, and April 2, 1987. An answer was finally filed on May 8, 1988, with an affirmative defense. The motion to strike the jury demand on count IX was granted on February 24, 1988.

Plaintiffs do not complain that the representation in the underlying action is in any way defective. Plaintiffs do not offer evidence of any loss or damage they have incurred by reason of the delay by defendants in reserving rights. The affidavit in support of the plaintiffs' motion for summary judgment merely states the defense was relinquished to the attorneys retained by the insurer. There is no showing the plaintiffs' private counsel would conduct the defense any differently. There is no indication plaintiffs have lost the ability to assert a defense or maintain a position in the underlying lawsuit by rea-

son of the actions of Hinshaw. There is no evidence plaintiffs tried to reassert control of the defense in the underlying action after the defendants made known their reservation of rights. The answers to interrogatories state plaintiffs were induced to and did surrender "their right to control their own defense." This is not a statement of fact. It is a statement of a conclusion of law.

In short, there is no factual basis from which the trial court could find prejudice. Mere delay in raising the issue of noncoverage alone is not sufficient to establish prejudice by clear, concise, and unequivocal evidence. (*Western Casualty & Security Co. v. Brochu* (1984), 122 Ill. App. 3d 125, 460 N.E.2d 832, *aff'd* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) Since the record establishes that plaintiffs were not prejudiced by the action of defendants, summary judgment should have been granted in favor of the defendant insurance companies. Therefore, under the powers vested in this court by Supreme Court Rule 366(a)(5) (107 Ill. 2d R. 366(a)(5)), we hereby reverse the order of the trial court entering summary judgment in favor of the plaintiffs and hereby enter judgment in favor of defendant insurance companies, to wit: Defendant insurance companies are not estopped from interposing any policy coverage defenses with regard to the underlying action between Dependable Realty and plaintiffs herein.

Reversed.

McCULLOUGH and KNECHT, JJ., concur.