Kimberly **SHELLER**, a minor, by her father and next friend, Keith **SHELLER**, and Rebecca Bennett, a minor, by her mother and next friend, Annette Allen, Plaintiffs,

v.

**FRANK'S NURSERY & CRAFTS, INC., Defendant.**

No. 96 C 6559.

United States District Court, N.D. Illinois, Eastern Division.

March 10, 1997.

Jeffrey Scott Deutschman, Law Offices of Jeffrey Deutschman, Chicago, IL, for Plaintiffs.

Harry M. Sangerman, Gregory Alan McConnell, McDermott, Will & Emery, Chicago, IL, Charles C. DeWitt, Jr., DeWitt, Balke & Vincent, P.L.C., Detroit, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Defendant's motion to compel arbitration pursuant

to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* For the reasons set forth below, the motion is granted.

## I. *BACKGROUND*

Defendant Frank's Nursery & Crafts, Inc. ("Defendant"), is a retail chain which sells lawn and garden products, plants, flowers, home decorative items, and crafts. Plaintiffs Rebecca Bennett and Kimberly Sheller ("Plaintiffs") are former employees of Defendant.

At the time Plaintiffs applied for employment and were terminated they were minors. Each signed an employment application that provided: "any claim that I may wish to file against the Company ... must be submitted for binding and final arbitration before the American Arbitration Association; arbitration will be the exclusive remedy for any and all claims unless prohibited by applicable law. * * * I have reviewed, understand and agree to the above."

Following their discharge, Plaintiffs filed a charge of sexual discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. The EEOC issued a Notice of Right to Sue on the request of both Plaintiffs.

Plaintiffs subsequently brought suit in this Court alleging sexual harassment in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* Plaintiffs allege that during their employment, they were subjected to a constant hostile work environment due to the sexual harassment by Defendant's assistant manager, Steve South. Defendant denies the allegations of sexual harassment.

This matter is presently before the Court on Defendant's motion to compel arbitration.

## II. *DISCUSSION*

### A. *The Federal Arbitration Act and Title VII*

■ The Federal Arbitration Act ("FAA") provides that a "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration such a controversy thereafter

arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable...." 9 U.S.C. § 2. The only contracts excluded from the scope of the FAA are "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The U.S. Court of Appeals for the Seventh Circuit has limited § 1's exclusionary provision to the "transportation industries." *Briggs & Stratton Corp. v. Local 232*, 36 F.3d 712, 715 (7th Cir.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1998, 131 L.Ed.2d 1000 (1995); *Miller Brewing Co. v. Brewery Workers Local Union No. 9*, 739 F.2d 1159, 1162 (7th Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985). Because Plaintiffs do not fit into this narrow category of workers excluded by § 1, the FAA—at this point of the Court's analysis—is therefore applicable to the arbitration agreement at issue.

■ It is clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 1652, 114 L.Ed.2d 26 (1991) (Age Discrimination in Employment Act—29 U.S.C. § 621, *et seq.*—claim subject to arbitration). Indeed, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985).

■ Since the Supreme Court's decision in *Gilmer,* a couple of circuit courts have held enforceable that require binding arbitration of Title VII claims. *See Rojas v. TK Communications, Inc.*, 87 F.3d 745 (5th Cir.1996); *Austin v. Owens–Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 432, 136 L.Ed.2d 330 (1996). The circuit courts could discern no reason why Title VII claims could not be resolved by arbitration. The Court agrees with the analysis set forth by those courts and likewise concludes that Title VII claims can be subjected to arbitration.

## B. *The Enforceability of the Arbitration Clause*

The Court's conclusion that Title VII claims can be subjected to arbitration does not end the instant dispute, however. Plaintiffs offer two arguments as to why they are not bound by the arbitration clause: (1) first, they argue that they are minors, and, due to their infancy, the arbitration clause is voidable; and (2) additionally, they argue that the arbitration clause is located in the employment *application* and the application does not constitute as part of the employment contract; accordingly, they claim that they never entered into an employment contract to arbitrate the Title VII claims.

The Court will address each argument in turn.

### 1. The infancy law doctrine

■ Both parties agree that whether a minor employee is bound by an arbitration clause in a contract is governed by state law—here, Illinois law. Under the law of Illinois, "[t]he general rule applicable to all contracts, other than for necessaries, is that the contract of a minor is voidable and may be repudiated by the minor during minority or within a reasonable time upon achieving majority absent a ratification." *Iverson v. Scholl Inc.*, 136 Ill.App.3d 962, 91 Ill.Dec. 407, 411, 483 N.E.2d 893, 897 (1st Dist.1985); *accord, Fletcher v. Marshall*, 260 Ill.App.3d 673, 198 Ill.Dec. 494, 496, 632 N.E.2d 1105, 1107 (2d Dist.1994). The infancy law doctrine exists to protect the inexperienced and improvident minor from the consequences of dealing with others. *See Old Mutual Casualty Co. v. Clark*, 53 Ill.App.3d 274, 11 Ill. Dec. 151, 154, 368 N.E.2d 702, 705 (1st Dist. 1977); *Iverson*, 91 Ill.Dec. at 411, 483 N.E.2d at 897. Although the "minor's right to disaffirm his contract may operate injuriously and sometimes unjustly against the other party," the right "may be exercised entirely in [the minor's] discretion." *Iverson*, 91 Ill.Dec. at 411, 483 N.E.2d at 897.

As with most rules of law, however, there are exceptions. As the Illinois Supreme Court recognized many decades ago, "the privilege of minority . . . is to be used as a shield and not as a sword." *Shepherd v.* *Shepherd,* 408 Ill. 364, 97 N.E.2d 273, 282 (1951). Indeed, the *Shepherd* Court noted that a minor's right to disaffirm in any case "should be exercised with some regard to the rights of others, certainly with as much regard to those rights as is fairly consistent with adequate protection of the rights of the minor himself." *Id.*

■ Although there is no Illinois case law on point, the Court believes that the Illinois Supreme Court would not allow a minor to disaffirm the arbitration clause in the employment application on the facts present. Permitting the minor Plaintiffs to void their contract would be inconsistent with the public policy reasons underlying the infancy law doctrine. To review, the rationale supporting the doctrine is to protect the inexperienced minor in their dealings with others. But here, whether the Plaintiffs were minors was irrelevant to their signing of the employment application agreeing to arbitrate all claims against the company. Indeed, Defendant required all of its employees, including adults, to sign the same agreement.

■ Moreover, there is an important corollary to the general rule permitting minors to disaffirm contracts which would also be compromised if the Court permitted Plaintiffs to void their contract. That is, "[a]fter disaffirmance, the infant is not entitled to be put in a position superior to such a one as he would have occupied if he had never entered into the voidable agreement." *Scott Eden Management v. Kavovit*, 149 Misc.2d 262, 563 N.Y.S.2d 1001, 1002 (N.Y.Sup.1990). In other words, the minor "is not entitled to retain an advantage from a transaction which he repudiates." *Id.*

The fundamental reason Plaintiffs are able to bring this lawsuit is because they were employed by Defendant. Had they not been employed by Defendant, they would not be eligible to maintain the instant Title VII suit, obviously. Had they not signed the employment application which contained the arbitration clause, they would not have been hired by Defendant. Thus, if the Court were to allow the minor Plaintiffs to disaffirm the contract, Plaintiffs would be retaining the advantage of employment—which entitled

them to bring the instant Title VII suit—while repudiating their entire basis of employment—the employment application. In other words, Plaintiffs would be retaining the advantage of the contract—employment, which entitled them to bring this suit—while repudiating that very same contract. The Court cannot permit such a result; and, the Court is confident that the Illinois Supreme Court would not permit it either.

#### 2. The employment application

In Plaintiffs' final attempt to avoid arbitration, they argue that the arbitration clause was located in the employment *application,* which is not an employment contract;[1] thus, there was no contractual agreement to arbitrate claims against the company. The Court disagrees.[2]

■ First, it is important to note that there was no written, formal employment contract between the parties. Rather, it appears that Plaintiffs and Defendant agreed orally regarding the employment relationship. The issue, however, is not whether the employment application qualifies as an employment contract, but whether the application qualifies as a valid contract to arbitrate. Here, there is no doubt that a valid, enforceable contract to arbitrate was entered into between the parties.

■ A legally enforceable contract is an exchange. *Patel v. American Bd. of Psychiatry & Neurology, Inc.,* 975 F.2d 1312, 1314 (7th Cir.1992). The elements of a contract are, of course, offer, acceptance, and consideration. *Zemke v. City of Chicago,* 100 F.3d 511, 513 (7th Cir.1996). And, the "primary objective of contract construction is to give effect to the intention of the parties," as "ascertained from the words used in the contract." *Harrison v. Sears, Roebuck & Co.,* 189 Ill.App.3d 980, 137 Ill.Dec. 494, 499, 546 N.E.2d 248, 253 (4th Dist.1989).

In the application, Plaintiffs agreed that "[i]f employed by [Defendant]," they would "conform to Company-established rules and regulations." In the following paragraph,

they agreed that "any and all claims" would be submitted to "binding and final arbitration before the American Arbitration Association." Thus, essentially, Defendant agreed to consider Plaintiffs for employment if Plaintiffs, upon employment, agreed to abide by company rules which included the arbitration of all claims—such agreements qualify as bilateral consideration.

Subsequently, Defendant offered Plaintiffs positions within the company. Plaintiffs accepted. By accepting employment, obviously, Plaintiffs assented to be bound by their prior agreement that, if employed, they would submit all claims to arbitration. Clearly a valid, enforceable contract to arbitrate claims against the company exists between the parties. *See Brown v. KFC National Management Co.,* 82 Hawai'i 226, 921 P.2d 146, 159–60 (1996).

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to compel arbitration is granted. Pursuant to 9 U.S.C. § 3, this matter is stayed pending arbitration.

---

1. The application states: "I understand that this is an application for employment and that no employment contract is being offered."

2. Both parties agree that the resolution of this issue is also based on an analysis of Illinois law.