Alisha MARZETTE, et al., Respondents,

v.

ANHEUSER–BUSCH, INC., et al., Appellants.

No. ED 97160.

Missouri Court of Appeals, Eastern District, Division Four.

April 17, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 2012.

Application for Transfer Denied Aug. 14, 2012.

Gerard T. Carmody, Kelley F. Farrell, Daniel P. O'Donnell, Saint Louis, MO, For Appellants.

Jerome J. Dobson, Gregory A. Rich, Saint Louis, MO, For Respondents.

## *OPINION*

GLENN A. NORTON, Judge.

Anheuser–Busch, Inc. ("A–B"), Terry Kaelin, Rick Marberry,[1] and Nancy Lux[2] (collectively "Defendants") appeal the trial court's judgment denying their motion to compel arbitration in the employment discrimination suit filed by Alisha Marzette and Kathy Dunmire (collectively "Plaintiffs"). We affirm.

---

1. Kaelin and Marberry were both employed by A–B as Lieutenants in the Security Department.

2. Lux was employed by A–B as Senior Manager of Human Resources.

## I. BACKGROUND

Plaintiffs sought employment with A–B which required them to complete an employment application containing the following language:

> I agree that if I become employed by [A–B], and unless a written contract provides to the contrary, any claim I may have against [A–B] will be subject to final and binding arbitration in accordance with [A–B's] dispute resolution program, and that arbitration will be the exclusive method I will have for final and binding resolution of any such claim.
>
> . . .
>
> I acknowledge that no promise regarding employment has been made to me.

Plaintiffs each completed and signed the employment application and were subsequently hired by A–B to be security guards. Plaintiffs were paid an hourly wage and were members of a union during their employment with A–B.

A–B's Dispute Resolution Program ("DRP") establishes a three-step process for resolving covered claims, consisting of local management review, mediation, and arbitration. Covered claims include claims that A–B may have against an employee relating to or arising out of the employment relationship and such claims an employee may have against A–B or any individual employee who is acting within the scope of his or her employment with A–B.

Plaintiffs filed a petition on March 3, 2010, and an amended petition on March 10, 2010, alleging Defendants discriminated against them in violation of the Missouri Human Rights Act. On February 7, 2011, Defendants filed a motion to compel arbitration, claiming Plaintiffs' employment applications constitute binding arbitration agreements in which Plaintiffs agreed to arbitrate any claims arising out of their employment with A–B in accordance with the DRP. The trial court denied Defendants' motion to compel arbitration finding that Plaintiffs never accepted an agreement to arbitrate, that the purported agreements are not supported by consideration, and that the DRP does not apply to Plaintiffs.[3] Defendants appeal.

## II. DISCUSSION

### A. Standard of Review

■ Whether a motion to compel arbitration should have been granted is a question of law that we review de novo. *Katz v. Anheuser–Busch, Inc.*, 347 S.W.3d 533, 539 (Mo.App. E.D.2011).

### B. Consideration

In their second point on appeal, Defendants claim the trial court erred in denying their motion to compel arbitration because the trial court erroneously found that the purported arbitration agreements are not supported by consideration.[4]

■ Nothing precludes parties from agreeing to arbitrate employment claims. *Kunzie v. Jack–In–The–Box, Inc.*, 330 S.W.3d 476, 481 (Mo.App. E.D.2010).

---

**3.** The DRP states that it applies to "all salaried and non-union hourly employees of [A–B]." Therefore, the trial court found that, even if Plaintiffs agreed to arbitrate in accordance with the DRP, it did not apply to Plaintiffs because they were union and hourly employees.

**4.** Defendants raise three points on appeal. In their first point on appeal, Defendants claim the trial court erred in finding that Plaintiffs did not accept the alleged arbitration agreements. In their third point on appeal, Defendants claim the trial court erred in finding that the alleged arbitration agreements did not apply to Plaintiffs. Because we find the alleged arbitration agreements are not supported by consideration, it is not necessary to discuss Defendants' first or third points on appeal.

However, arbitration is a matter of contract, and parties will be compelled to arbitrate their claims only if the arbitration agreement satisfies the essential elements of a valid contract. *Id.* at 480–81. The essential elements of a valid contract are offer, acceptance, and bargained for consideration. *Id.* at 481. "Consideration generally consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 438 (Mo.App. W.D.2010) (internal quotation omitted). Here, Defendants claim that the alleged arbitration agreements are supported by three forms of consideration. We disagree.

### 1. A–B's Willingness to Consider Plaintiffs for Employment

█ First, Defendants claim that sufficient consideration exists in the form of A–B's willingness to consider Plaintiffs for employment. Although no Missouri case has discussed this issue, courts in other jurisdictions are split. Defendants urge us to follow the holding in *Sheller by Sheller v. Frank's Nursery & Crafts, Inc.*, 957 F.Supp. 150 (N.D.Ill.1997). In *Sheller,* the United States District Court for the Northern District of Illinois found sufficient consideration for an arbitration agreement contained in an employment application. *Id.* at 154. The Court held that sufficient consideration existed because the employer "agreed to consider [p]laintiffs for employment if [p]laintiffs, upon employment, agreed to abide by company rules which included the arbitration of all claims." *Id.*[5]

Plaintiffs cite to *Geiger v. Ryan's Family Steak Houses, Inc.* for the proposition that an employer's promise to consider an employment application is insufficient consideration for an applicant's agreement to arbitrate. 134 F.Supp.2d 985, 1001–02 (S.D.Ind.2001). The *Geiger* Court stated:

> Such a promise is far removed from an employer's promise not to terminate an at-will employee or a promise of employment. The alleged benefit provided by [the employer's] promise is merely a promise to consider an applicant's application, not employ her. This promise, standing alone, will not bear the weight required to allow us to construe the [a]rbitration [a]greement as a binding contract.

*Id.*[6] We find *Geiger* persuasive and hold that an employer's willingness to consider an applicant for employment is insufficient consideration to support a prospective employee's waiver of the right to a jury trial for employment disputes wholly unrelated to the application or hiring process. Accordingly, A–B's willingness to consider Plaintiffs for employment is insufficient consideration to support the alleged arbitration agreements.

### 2. A–B's Offers of Employment

█ Second, Defendants argue that the alleged arbitration agreements are supported by sufficient consideration in

---

**5.** For more cases finding that a willingness to consider a prospective employee for employment is sufficient consideration to support an agreement to arbitrate see, for example *Carman v. Wachovia Capital Markets, LLC*, 2009 WL 248680 at *2 (E.D.Mo.2009), *Henry v. Pizza Hut of America, Inc.*, 2007 WL 2827722 at *5 (M.D.Fla.2007), and *Martindale v. Sandvik, Inc.*, 173 N.J. 76, 800 A.2d 872, 879 (2002).

**6.** For more cases finding that a willingness to consider a prospective employee for employment is insufficient consideration to support an agreement to arbitrate see, for example *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 380–81 (6th Cir.2005), *Penn v. Ryan's Family Steak Houses, Inc.*, 269 F.3d 753, 760 (7th Cir.2001), and *State ex rel. Saylor v. Wilkes*, 216 W.Va. 766, 613 S.E.2d 914, 924 (2005).

the form of A–B's offers of employment to Plaintiffs. However, the fundamental concept of consideration is that "the promise and the consideration must purport to be the motive each for the other...." *Miles Homes Division of Insilco Corp. v. First State Bank of Joplin,* 782 S.W.2d 798, 800 (Mo.App. S.D.1990) (internal quotation omitted). Here, Plaintiffs' promises to submit claims to arbitration were made in their employment applications, before any offers of employment were made by A–B. The employment applications specifically stated that "no promise regarding employment has been made." Therefore, A–B's subsequent offers of employment to Plaintiffs could not have been the motive for Plaintiffs' promises to arbitrate any clams against A–B. Accordingly, A–B's offers of employment do not constitute consideration to support the alleged arbitration agreements. *See Morrow v. Hallmark Cards, Inc.,* 273 S.W.3d 15, 27 (Mo.App. W.D.2008) (finding that offer of continued employment could not constitute consideration where the continued employment was neither promised nor received at the time the alleged contract was formed).

### 3. Mutual Promises

Defendants lastly claim that the alleged arbitration agreements are supported by sufficient consideration because the agreements contain mutual promises. Generally, "if a contract contains mutual promises, such that a legal duty or liability is imposed on each party as a promisor to

the other party as a promisee, the contract is a bilateral contract supported by sufficient consideration." *Frye,* 321 S.W.3d at 438. However, the alleged arbitration agreements contain no promises made by Defendants. Instead, they include only the following promise made by each Plaintiff:

> I agree that if I become employed by [A–B], and unless a written contract provides to the contrary, *any claim I may have against [A–B]* will be subject to final and binding arbitration in accordance with [A–B's DRP].

(emphasis added).[7] Accordingly, the alleged arbitration agreements do not contain any mutual promises that constitute sufficient consideration for Plaintiffs' promises to arbitrate claims against A–B.

### 4. Conclusion

Because the alleged arbitration agreements are not supported by consideration, the trial court did not err in denying Defendants' motion to compel arbitration. Point two is denied.

### III. CONCLUSION

The judgment denying Defendants' motion to compel arbitration is affirmed.

PATRICIA L. COHEN, P.J. and ROBERT M. CLAYTON III, J., concur.

---

7. Defendants argue that, under the provisions of the DRP, A–B makes several promises to Plaintiffs, including the promise to submit to arbitration any covered claims A–B may have against Plaintiffs. At most, Plaintiffs' promises amounted to an agreement to incorporate the DRP's policies for any claims Plaintiffs may have against A–B. However, Plaintiffs' promises do not constitute acceptance of the full terms contained within the DRP, including provisions that would require Plaintiffs to arbitrate claims against other employees. Nothing in the record indicates that Plaintiffs had more than a general knowledge of the existence of the DRP. Therefore, they could not have accepted the DRP's terms, or A–B's promises contained therein, as a separate contract. *See Katz,* 347 S.W.3d at 545–46 (finding that an employee's general knowledge of the existence of the dispute resolution program does not constitute acceptance of that program).